In Re: Appeal of Revocation of Restaurant Liquor License—John Sapia, My-Oh-My Bar. John Sapia, My-Oh-My Bar, Appellant.

Argued February 3, 1978, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

*Charles J. Weyandt,* with him *Dunaway, Weyandt, McCormick & Jones,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Rogers, March 20, 1978:

John Sapia, owner of the My-Oh-My Bar, has appealed from an order of the Court of Common Pleas of Centre County affirming the action of the Pennsylvania Liquor Control Board suspending his restaurant liquor license for three days for permitting lewd,

immoral or improper entertainment at his bar in violation of Section 493(10) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(10).

At a hearing conducted by a Hearing Examiner, two Board enforcement officers described the activities of a woman entertainer in the licensed premises on dates specified in a citation served on the appellant. The Board determined that the evidence had established a violation and ordered the three day suspension of appellant's license. The Court of Common Pleas of Centre County which heard additional evidence affirmed the Board's order. We affirm the order of the court below.

The Board enforcement officers testified that the entertainer in question was a solo dancer who performed at times with no covering whatsoever on the upper part of her body and who while on stage was heard to engage in suggestive badinage with patrons. The appellant's contention that this activity was neither lewd, nor immoral, nor improper, is without merit.

The appellant makes two other points which require only brief consideration. He first contends that he did not know of and therefore did not permit the questioned entertainment. This argument has been frequently advanced and invariably rejected by the courts of this Commonwealth. *See Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959); *Fraternal Order of Eagles Easton Aerie No. 111 v. Liquor Control Board,* 29 Pa. Commonwealth Ct. 646, 372 A.2d 1247 (1977). We additionally note that the appellant's own testimony establishes that he was present in the licensed premises at the time of the alleged violations.

The appellant next contends that certain language in the opinion of the court below implies that it had concluded that the entertainment in question was not

274

lewd and immoral, but only improper. He then says that "improper entertainment" as a ground for suspension establishes an unconstitutionally vague standard. We read the opinion of the court below as expressing its conviction that the entertainment described in the record was lewd and immoral *as well as* improper. Therefore, "[e]ven if it were conceded that the term 'improper' is too vague to satisfy *due process* requirements, no such question would arise as to the terms 'lewd and immoral'." *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 366, 150 A.2d 112, 118-19 (1959).

Accordingly, we enter the following

ORDER

AND Now, this 20th day of March, 1978, the order of the Court of Common Pleas of Centre County, dated January 27, 1977, is affirmed.