In The Matter of Revocation of Restaurant Liquor License etc. Alray Corporation, Appellant.

Submitted on briefs December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*A. T. Gilespie, Jr.,* for appellant.

*Gary F. DiVito,* counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, March 10, 1983:

The Alray Corporation (licensee) appeals from an order of the Court of Common Pleas of Northampton County which, after holding a de novo hearing, sustained an order of the Pennsylvania Liquor Control Board (PLCB) imposing fines totaling $700 upon the licensee for permitting lewd, immoral and improper entertainment in violation of Section 493(10) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(10), and for permitting entertainers to contact or associate with patrons on the licensed premises in violation of 40 Pa. Code §532(d).

At the de novo hearing, the only testimony presented directly to the trial court was that of an enforcement officer of the PLCB. Additionally, the trial court received a copy of the PLCB's findings and order along with a copy of the transcript of the proceedings before the PLCB's hearing examiner.

Where, as here, the matter was heard de novo, our scope of review is limited to a determination of whether or not the order appealed from was supported by sufficient evidence in the record and whether or not the trial court committed an error of law or abused its discretion. *New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

Before us the licensee argues[1] first that the evidence presented before the trial court was insufficient to substantiate a finding that the licensee had per-

---

[1] The licensee does not challenge the trial court's finding that it had permitted lewd, immoral or improper entertainment on the licensed premises.

mitted its live entertainers to contact or associate with patrons on the licensed premises in violation of 40 Pa. Code §532(d). Our close examination of the record, however, indicates that the PLCB's enforcement officer graphically testified that he had witnessed, for instance, a scantily-clad "go-go" dancer leave her stage area and continue her performance in the bar area where she conversed with various patrons, and after placing her leg onto the bar, allowed said patrons to place money into her "G-string". This we believe, supports the trial court's conclusion that the licensee had violated 40 Pa. Code §532(d) which forbids[2] such association or contact by entertainers with patrons. *See Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959).

The licensee next argues that the trial court committed an error warranting a reversal by permitting into evidence at the de novo hearing the transcript, findings, and order of the proceedings before the PLCB. Although we agree that a de novo hearing should be, according to its definition, "anew; afresh; a second time",[3] we believe that the admission of these documents into evidence, if improper, was nonetheless a harmless error. The PLCB's enforcement officer supplied sufficient testimony at the de novo hearing upon which the trial court could have based its findings.[4]

We will therefore affirm the trial court's order.

---

[2] Additionally, we reject the licensee's suggestion that the incidents in question were at best de minimis. 40 Pa. Code §532(d) does not attempt to delineate the type of acts it prohibits. Here we believe there was "contact" and "association" within the plain meaning of those words.

[3] Black's Law Dictionary 483 (4th ed. 1968).

[4] Concerning the licensee's contention that the trial court's order and opinion are inconsistent, and proved the court's findings differed from the PLCB's, we find no merit inasmuch as it is clear that the court's findings were *substantially* the same (*i.e.* not materially dif-

## ORDER

AND Now, this 10th day of March, 1983, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

Judge WILLIAMS, JR. concurs in result only.

ferent enough to justify the modification of the penalty) as the PLCB's and therefore it had no power to alter the penalty imposed. *R.G.R. Enterprises, Inc. Appeal,* 30 Pa. Commonwealth Ct. 607, 374 A.2d 998 (1977).