Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* J.P.W.G., Inc, Appellee.

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Eileen Maunus,* with her, *Patrick M. McHugh,* Deputy Chief Counsel and *Gary F. DiVito,* for appellant.

*Robert T. Kane,* for appellee.

OPINION BY JUDGE MACPHAIL, March 27, 1985:

The Pennsylvania Liquor Control Board (Board) appeals to this Court from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of J.P.W.G., Inc. (Licensee) from an order of the Board imposing a fine of $500.00 upon the Licensee for permitting gambling and improper entertainment on the premises.[1]

We must observe that the trial judge entered two orders in this case. In his bench order of February

---

[1] Although Appellant filed a cross-appeal to No. 968 C.D. 1983, our Court dismissed that appeal on November 13, 1984 because the Appellant failed to file a brief in support thereof.

24, 1983, at the conclusion of a de novo hearing the judge said:

> Having made findings of fact which are substantially different than those made by the Board, I will modify the fine imposed by the Board. Instead of $500.00 fine imposed, I will impose a fine of $200.00 for the finding of fact made by the Board and affirmed by this court as to the gambling.

On March 17, 1983, the same trial judge entered the following order:

> And now, this 17th day of March 1983, the above Appeal having come on for hearing, upon consideration thereof, it is hereby ordered that the Appeal of the Defendant is sustained and the opinion and order of the Pennsylvania Liquor Control Board is reversed. Opinion of this Court is stated on the record.

It is readily apparent that both orders cannot be correct. Inasmuch as the trial court found as a fact that "there was a payoff for points scored on the poker machine and this constitutes gambling," we are well satisfied that the order of March 17, 1983 inadvertently overlooked that part of the prior bench order regarding gambling and the finding of fact made from the bench. Because we find that there was substantial evidence to support the court's conclusion of gambling, we will consider in this appeal the order of February 24, 1983 only, which more nearly comports with the court's findings. There is no memorandum opinion from the trial court in support of either order.

Section 493(10) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(10) provides that it shall be unlawful for any licensee to permit in any licensed premises "any lewd, immoral or improper entertainment." The Board found that

the Licensee had permitted such entertainment on September 22, 1982.

At the de novo hearing, the Board's agent testified that while he was on the premises, he observed two girls dancing topless for the entertainment of the patrons.[2] There was no evidence presented by the Board apart from the agent's testimony. The trial court stated from the bench:

[T]he mere go-go dance of a topless performer without nothing (sic) further cannot constitute in this day and age lewd, immoral or improper conduct.

The Code does not define the terms "lewd, immoral or improper." In its argument to this Court, the Board principally relies upon *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959) to sustain its position that the Board has great latitude in determining whether a licensee puts his license at risk when the licensee permits lewd, improper or immoral dancing. In that case, our Supreme Court rejected constitutional challenges to the vagueness of the terms used in Section 493(10) and upheld the trial court and Superior Court's interpretation of the terms "lewd

---

[2] The agent testified:

There was a go-go girl dancing at the time I entered. She was blonde, about five foot six, 120 pounds. She had a blue sequined two-piece bikini on and a headband. Her third and fourth numbers, which she danced, she did topless. She removed the top part of her outfit, and she was completely topless.

After her performance ended, a second go-go girl began performing, approximately 10:15 p.m. She was about five foot six, with dark hair. She had a one-piece black outfit on. She danced her second, third and fourth numbers topless, by pulling down the top portion of her outfit to her waist. I saw no evidence of any coverings on her breasts, and she was topless.

and immoral'' as predominantly appealing to prurient interests. Although the Supreme Court said in that case that no purpose would be served by a repetition of the factual description of the entertainment contained in the record, it did note that the Board's agents had testified that they had observed seven girls remove substantially all of their apparel and that ''bumps and grinds'' were performed. The Supreme Court said the factual record was sufficient for the trial court and the Superior Court to conclude that the performance was lewd or obscene as well as immoral under any definition of those terms.

The Board also calls to our attention two cases in our own court which they assert are authority for us to reverse the trial court in the instant case. In *Sapia Liquor License Case,* 34 Pa. Commonwealth Ct. 271, 383 A.2d 1283 (1978), the trial court agreed with the Board's agents that a dancer who performed with nothing whatsoever on the top part of her body "and engaged in suggestive badinage with patrons'' was engaged in lewd and immoral activity. Our Court affirmed. In *Pennsylvania Liquor Control Board v. Ronnie's Lounge, Inc.,* 34 Pa. Commonwealth Ct. 213, 383 A.2d 544 (1978) our Court again affirmed a trial court that found from the Board's testimony that dancers had performed in a lewd and immoral manner when they engaged in sexually explicit gyrations simulating sexual intercourse while on the stage.

This Court cannot dispute that the Board has a duty to enforce the law and that licensees must conform with it. Our problem in the instant case which distinguishes it from all of the cases relied upon by the Board, is that here the fact finder specifically found that the activity described by the Board's agent was *not* lewd, immoral or improper. There was no testimony of sexually explicit gyrations or badinage with

patrons and no evidence of appeal to prurient interest other than bare breasts. The trial judge indicated that the exhibition of bare breasts in these days, while not commonplace, is at the very least not unknown to the public and to the Board generally.

The Licensee argues to us that in the cases cited by the Board, the entertainers were involved in something more than dancing while partially nude. It does appear that this is true. The Licensee also contends that the trial judge correctly observed that a go-go dance by a topless performer *in this day and age* cannot constitute lewd, immoral or improper conduct. It is certainly clear that the trial judge was of the opinion that contemporary community standards should be applied in cases such as this. Of course, that is the test used for obscenity issues in the field of criminal law. *Tahiti Bar,* however, instructs us that offenses under the Code are not subject to the same strictures applicable to other areas of the law. Our Supreme Court said, "There is perhaps no other area of permissible action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." *Tahiti Bar,* 395 Pa. at 360, 150 A.2d at 115. While moral standards may have changed, the law relative to the Board's control over licensees has not.

The trial judge concluded that because he had found facts substantially different from those found by the Board, he was authorized to modify the Board's order. A trial court may not modify a penalty imposed on a licensee by the Board unless it does make specific material changes in the facts found by the Board. *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A.2d 81 (1973). The question of what is a performer's apparel, or lack thereof, and what she does to entertain a licensee's customers is a question

of fact, and if there is substantial evidence to support the trial judge's finding we must sustain him with respect to the facts found. The "fact" to be found in the instant case is what the performers *did*. The trial court made no finding in that respect different from that of the Board.[3] *Alray Corp. Liquor License Case,* 72 Pa. Commonwealth Ct. 510, 456 A.2d 1167 (1983). The question of whether a particular activity constitutes lewd, immoral or improper conduct we hold to be a question of law, not a question of fact. Questions of law, of course, are subject to our appellate review. We think the situation is analogous to willful misconduct cases where employees have been denied unemployment compensation benefits. The cases are legion in our Court that what the claimant *did* is a matter for the fact finder; but whether that conduct bars a claimant from receiving benefits is a matter of law. *Wardlow v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 44, 389 A.2d 253 (1978).

Words and phrases, unless they are technical, are to be construed according to their common and approved usage. 1 Pa. C. S. §1903(a). Since we have found no case law and none has been cited to us construing the terms lewd, immoral or improper *as used in the Code,* we have turned to dictionary definitions. Without unduly extending this opinion by setting forth the entire definition for each of those words as found in Webster's Third New International Dictionary (1966), suffice it to say that we are convinced that partial nudity of a female dancer in a public bar is at

---

[3] Although the trial judge *said* that he had made findings of fact different from those made by the Board, nowhere in his bench order does he do so. He based his reversal on his conclusion that what the dancers did was not, in his opinion, lewd, immoral or improper.

the very least improper[4] and, in our opinion, also falls within the broad dictionary language defining immoral and lewd.

Again, we repeat that while partially nude dancing may be accepted "in this day and age" in others forms of entertainment not subject to control by the Board, that fact cannot dictate the result here. The Board is an enforcement agency charged with policing the activities of licensees. Its enforcement agents necessarily must make judgment calls as to what is and what is not a violation of the entertainment restrictions set forth in the Code. These enforcement decisions involve additional considerations not applicable to other areas of the law because of the Board's broad enforcement powers and the licensee's limited privileges under the Code. *Tahiti Bar.* We do not believe the Courts should intervene where there is some factual basis for the Board's conclusion that a violation has occurred.

We hold that the trial court erred as a matter of law in reversing the order of the Board with respect to the charge of permitting improper entertainment on the premises.

ORDER

The order of the Court of Common Pleas of Allegheny County dated February 24, 1983, insofar as it affirms the order of the Pennsylvania Liquor Control Board which found J.P.W.G., Inc. in violation of the Liquor Code for permitting gambling on the premises, is affirmed. The order, insofar as it reverses the order of the Board with respect to the charge of permitting improper entertainment on the premises, is reversed and the order of the Board is reinstated.

---

[4] It must be noted that the terms lewd, immoral or improper are in the alternative.