551 A.2d 341

Hospitality Investments of Society Hill, Inc., t/a PT'S, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 24, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Gary F. DiVito, Goldstein, Friedberg, Kelly and DiVito, P.C.,* for appellant.

*Faith S. Diehl,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE NARICK, December 6, 1988:

Hospitality Investments of Society Hill, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Philadelphia County dismissing its appeal from an order of the Pennsylvania Liquor Control Board (Board) imposing a fifteen-day suspension of its liquor license. We affirm.

Appellant was cited by the Board for two violations: permitting entertainers to contact and/or associate with patrons on the licensed premises and Sunday sales with-

out a permit. A hearing was held before a Board examiner at which the Board offered the testimony of an enforcement officer. Appellant presented no evidence. On Appellant's appeal to common pleas court, the parties agreed to submit the matter to the court on the Board hearing record. The trial court entered an order affirming the Board's fifteen-day suspension on December 5, 1986. An opinion in support of that order was filed April 21, 1987.

Appellant first argues that it is entitled to a remand because the trial court did not make findings of fact and conclusions of law. This argument is patently without merit; the trial court's opinion included in the original record contains detailed findings and conclusions, albeit not expressly labeled as such. Appellant has not appended a copy of this opinion to its brief in violation of Pa. R.A.P. 2111(b) and appears ignorant of its existence.[1] As Appellant has failed to avail itself of the opportunity to challenge the trial court's findings, we shall accept those findings as conclusive for purposes of this appeal.[2]

Those findings are as follows:

On 25 October, 1983, Patricia Cochran, a Pennsylvania Liquor Control Board Enforcement Officer paid two dollars cover charge to enter the Licensee's premises at approximate-

---

[1] We note with dismay that the Board's counsel similarly ignores the existence of the trial court's opinion, arguing that the trial court necessarily adopted the Board's findings in issuing the December 5, 1986 order. While the record does not indicate that copies of the opinion were mailed to counsel, given that an opinion in support of an order is required for purposes of appeal by Pa. R.A.P. 1925(a), we deem counsels' failure to review the original record when taking (or responding to) an appeal to be a serious omission.

[2] In so doing, we note that they are amply supported by the record.

ly 8:30 P.M. (N.T. p. 3). At approximately 8:40 P.M. four male dancers, fully clothed at start, stripped to G-strings and danced for twenty minutes in an area normally used for backgammon, among three hundred female patrons. They allowed female patrons to place money into the G-strings and allowed them to rub their genital area, grab the buttock, stroke leg and chest area of the dancers. The dancers kissed the patrons on the hand and mouth. Each dancer danced twenty minutes (N.T. p. 4).

On Sunday, 6 November 1983 the same Enforcement Officer entered the same premises at approximately 4:15 P.M. and paid a five dollar cover charge. She ordered white wine and paid $.75 for it. When she entered there were fifty patrons present, while she was there approximately one hundred patrons were admitted and when she left there were approximately one hundred seventy-five patrons on the premises. She checked the Liquor Control Board's District Office files which reflected that the Licensee did not have a Sunday Sales License at that time (N.T. p. 5). No countervailing evidence was offered on behalf of the Licensee to this testimony.

Trial court opinion at 2-3.

Appellant's substantive argument with respect to the first violation is that the court erred in concluding that it "permitted" entertainers to contact or associate with patrons.[3] Appellant contends that the violation may not stand because the Board failed to prove that Appellant had knowledge of the unlawful acts by persons it contends were not its servants, agents or employees.

---

[3] Our scope of review of the trial court's order is limited to a determination of whether it is supported by the record evidence and whether or not the trial court committed an error of law or an

Appellant's contention that the four dancers who performed for twenty minutes each before a crowd of three hundred women who paid $2 each to enter the licensed premises were not "servants, agents or employees" is absurd. The enforcement agent testified that "an all male review" was taking place on the premises on October 25, 1983, presided over by an emcee who introduced each male dancer. N.T. at 4. Certainly the reasonable inference to be drawn from that testimony is that the activity was organized by the Appellant and that the performers, if not actual employees, were clearly agents.[4] Appellant offered no testimony to demonstrate that it did not authorize the show or that the performers were acting without its approval, and we decline to consider this new argument when the factfinders, first the Board and then the trial court upon its *de novo* review, were not given an opportunity to address it.

Secondly, we reject the second aspect of Appellant's argument, that the Board was required to prove Appellant's actual knowledge of the violation. As our Supreme Court's latest pronouncement on the subject makes amply clear, Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, has been interpreted "to make a licensee strictly liable *for violations of the liquor laws and regulations." Pennsylvania Liquor Control Board v. TLK, Inc.,* 518 Pa. 500, 504, 544 A.2d 931, 933 (1988) (emphasis added).

---

abuse of discretion. *Alray Corp. Liquor License Case,* 72 Pa. Commonwealth Ct. 510, 456 A.2d 1167 (1983).

[4] We note that the regulation at issue, found in 40 Pa. Code §5.32(d), provides that: "[n]o licensee may permit a person engaged directly *or indirectly* as an entertainer in the licensed establishment or a room, or place connected therewith, to contact or associate with the patrons in the establishment, room, or place." (Emphasis added.)

Because the violations here concerned only the liquor laws and regulations, there was no need to prove whether Appellant knew or should have known of the violations.

Appellant's final argument, regarding the Sunday sales violation, is that he was not charged with operating without a Sunday sales permit, but rather with selling alcoholic beverages "during hours when such sales were prohibited." Appellant's brief at 10. The Board's citation and relevant statutory provisions speak for themselves. Appellant was cited for the following violation: "You, by your servants, agents or employes sold, furnished and/ or gave liquor and/or malt or brewed beverages on Sunday, November 6, 1983, during hours when such sales are prohibited." Section 493(16) of the Code, 47 P.S. §4-493(16) provides that it shall be unlawful "[f]or any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages." Lawful hours of operations are set forth in Section 406(2) of the Code, 47 P.S. §4-406(2):

> [L]icensees . . . may sell liquor and malt or brewed beverages only after seven o'clock antemeridian of any day until two o'clock antemeridian of the following day, except Sunday, and except as hereinafter provided, may sell liquor and malt or brewed beverages on Sunday between the hours of twelve o'clock midnight and two o'clock antemeridian.

Section 406(3), 47 P.S. §4-406(3), provides for the following exemption from the Sunday sales prohibition of Section 406(2):

> [L]icensees . . . whose sales of food and non-alcoholic beverages are equal to forty per

centum or more of the combined gross sales of both food and alcoholic beverages may sell liquor and malt or brewed beverages on Sunday between the hours of eleven o'clock antemeridian and two o'clock antemeridian Monday upon purchase of a special annual permit from the board at a fee of two hundred dollars ($200.00) per year, which shall be in addition to any other license fees.

Here, the trial court found, based upon substantial evidence, that the Board enforcement agent purchased a glass of white wine on Sunday, November 6, 1983, at 4:15 p.m. and that Appellant did not have a valid Sunday sales permit on that date. Appellant admits that the letter granting formal approval of its application for Sunday sales was not mailed until several days after the violation at issue, but contends that "actual approval occurred prior to the date of mailing, *possibly* prior to the date of the alleged violation." Appellant's brief at 10 (emphasis added). Again, Appellant adduced no evidence in support of this speculation. The Board's evidence (substantiated by Appellant's admission) constitutes ample support for the trial court's finding of a violation.

We hereby affirm the trial court's order.

## ORDER

AND NOW, this 6th day of December, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.