**Loyalsock Township v. Meyer**

*Lester L. Greevy Jr.,* for plaintiff.
*Marc F. Lovecchio,* for defendant.

RAUP, *P.J.,* November 19, 1991—

## OPINION AND ORDER

This matter is before the court on the defendant's summary appeal of his conviction under Loyalsock Ordinance No. 218. This ordinance is designed to regulate bottle clubs, businesses that allow alcoholic beverages on the premises but which are not regulated or licensed by the Pennsylvania Liquor Control Board. The defendant was convicted pursuant to section 4(4) which states:

"It shall be unlawful for any person or persons to permit, participate in, allow, condone or to exhibit upon

such premises at any time any lewd, immoral or improper entertainment."

The defendant contends that this subsection of the ordinance is unconstitutional under both the Federal and Pennsylvania Constitutions. The defendant asserts two theories. First, the ordinance violates the freedom of expression provisions of both constitutions. Second, the ordinance is unconstitutionally vague. Furthermore, the defendant claims that the dancing which is performed in his club is not lewd, immoral or improper. The parties have stipulated that nude dancing does occur in the defendant's place of business; however, it is agreed that there is no evidence of dancers fraternizing with the customers, no solicitation, no fondling, no use of any objects for sexual enhancement and no improper movements by the dancers such as gyrations or attempts to simulate sexual acts. The only individuals who observe the dancing are adults who consent to it by entering and paying a cover charge.

The first issue is whether the ordinance violates the First and 14th Amendments of the Federal Constitution. Nude dancing is expressive conduct within the First Amendment. *Barnes v. Glenn Theater Inc.,* 111 S.Ct. 2456, 2460 (1991). This, however, does not mean the activity cannot be regulated. First Amendment freedoms are not absolute. To determine the level of First Amendment protection afforded to the expressive conduct at issue, the standards set forth in *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673 (1968), are applied.

The *O'Brien* test has four components: first, the government regulation must be within the constitutional power of the government; second, the regulation must further an important or substantial government interest; third, the government interest must be unrelated to the suppression of free expression; and finally, incidental re-

strictions on First Amendment freedoms must be no greater than essential to the furtherance of the government interest.

The first two prongs of the *O'Brien* test are clearly met. Loyalsock Township has the power to "regulate ... the conduct of places of public entertainment, amusement and recreation" and to enact ordinances promoting public health, welfare and safety of the community. 53 P.S. §65733.

The third and fourth prongs of the *O'Brien* test, however, are not met. The ordinance is not directed at nudity in general, but at nude dancing, an activity within the purview of the First Amendment. The language of the ordinance quoted above clearly implies this and the minutes of the Loyalsock Township Board of Supervisors from September 26, 1989, specifically authorized the township solicitor to "prepare and advertise the ordinance regarding bottle clubs and exotic dancing...."

Loyalsock Township, relying on *Barnes, supra,* argues that the First Amendment does not prohibit regulations such as this. We disagree. In *Barnes* a decision rendered by the U.S. Supreme Court this year, eight justices held that First Amendment protections were, at least to some extent, applicable to dancing. The court addressed in the *Barnes* case an Indiana statute which explicitly forbade public nudity. At issue was the conviction of a bar owner who allowed nude dancing in his establishment. The U.S. Supreme Court upheld the convictions; however an analysis of the reasoning of the court is critical to the outcome of this case. While eight of the justices held that dancing was expressive and entitled to First Amendment protections, five of the justices found no First Amendment intrusion where the Indiana statute was addressed not to the expressive behavior, dancing, but rather to public nudity in general. Here, the ordinance is addressed to the expressive behavior and would appear to fail to "pass

muster" by eight of the Supreme Court justices. Accordingly, we conclude that the ordinance is on its face violative of the First Amendment of the U.S. Constitution.

Given our holding on the first issue, it is not necessary to consider whether the ordinance would also violate the Pennsylvania Constitutional provisions pertaining to free communication and expression.

The next issue is whether the ordinance is unconstitutionally vague. The void-for-vagueness doctrine requires that a "penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); see also *Smith v. Gogouen,* 415 U.S. 566, 94 S.Ct. 1242 (1974). In *Hallmark Productions Inc. v. Carroll,* 384 Pa. 348, 121 A.2d 584 (1956), and *Commonwealth v. Blumenstein,* 396 Pa. 417, 153 A.2d 227 (1959), the Pennsylvania Supreme Court held that statutes which prohibited the exhibition of "lascivious, sacrilegious, obscene, indecent or immoral" motion pictures were unconstitutionally vague. Similarly, "lewd, immoral and improper" is unconstitutionally vague when applied to the activity which the parties stipulate to have occurred here. (As previously discussed, there weren't any improper contacts with the patrons, any imitation of sexual acts, any fondling or any use of objects for sexual enhancement.) These broad, general terms, without further definition in the ordinance, simply do not put the defendant on notice that nude dancing alone would violate the ordinance.

In First Amendment cases, we need not look solely to the defendant's conduct. Instead, the defendant may make a facial attack regarding the constitutionality of a criminal statute. See *Commonwealth v. Heinbaugh,*

467 Pa. 1, 4-5, 354 A.2d 244, 245 (1976); *Commonwealth v. Mastrangelo,* 489 Pa. 254, 259, 414 A.2d 54, 56 (1980). In examining Ordinance 218, it is not clear what is meant by "lewd, immoral or improper entertainment." Clearly, there are jurisdictions in this nation where "public" nudity among adults is lawful; we refer to the existence of nude beaches, nude public bath houses and spas, nude theater and nude dancing in bars and other such establishments. Surely this statute does not give the necessary guidance to prohibit arbitrary and discriminatory enforcement. See *Kolendar v. Lawson, supra* ("credible and reliable information" was unconstitutionally vague due to problems with discriminatory enforcement); *Maynard v. Cartright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) ("especially heinous, atrocious or cruel" as a standard for giving the death penalty was unconstitutionally vague); *City of Akron v. Akron Center for Reproductive Health Inc.,* 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983) ("humane and sanitary manner" is not a sufficiently definite standard for the disposal of aborted fetuses).

In arguing that the ordinance is constitutional, the township relies heavily on *Barnes, supra.* The statute in *Barnes,* however, was significantly more definite than Ordinance 218. The statute in *Barnes* provides:

"(a) A person who knowingly or intentionally, in a public place:

"(1) engages in sexual intercourse;

"(2) engages in deviate sexual conduct;

"(3) appears in the state of nudity; or

"(4) fondles the genitals of himself or another person; commits public indecency, a class A misdemeanor.

"(b) 'Nudity' means the showing of the human male or female genitals, pubic area or buttock with less than a fully opaque covering, a showing of the female breasts

with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state." *Barnes* at 2463-64.

Both indecency and nudity are specifically defined so that enforcement of the statute is not within the sole discretion of law enforcement officers.

Loyalsock Township claims the ordinance is not vague because the phrase, "lewd, immoral or improper entertainment" is not unconstitutionally vague under various Pennsylvania Liquor Code cases. (Citing, *Tahiti Bar Inc. Liquor License Case*, 395 Pa. 355, 150 A.2d 112 (1959); *Commonwealth, Liquor Control Board v. J.P.W.G. Inc.*, 88 Pa. Commw. 385, 489 A.2d 992 (1985); *BJJ Enterprises Inc. v. Commonwealth*, 85 Pa. Commw. 372, 481 A.2d 1253 (1984); *Pa.LCB. v. TrisDad Inc.*, 68 Pa. Commw. 176, 448 A.2d 690 (1982); *Sappia Liquor License Case*, 34 Pa. Commw. 271, 383 A.2d 1283 (1978); *Diana Appeal*, 31 Pa. Commw. 363, 375 A.2d 1386 (1977).) There are several factors that render these cases distinguishable. First, the Pennsylvania Liquor Code provides only for a civil penalty—the revocation of a liquor license; Loyalsock Township Ordinance 218 is a criminal statute, which requires a more restrictive interpretation. *In re Tahiti Bar* at 364, 150 A.2d at 118. Second, of major significance in the liquor code cases was the fact that an "individual has no constitutional right to engage in the business of selling alcoholic beverages." *Id.* at 1362, 150 A.2d at 116. In comparison, an individual has a right to engage in First Amendment freedoms. Third, the cases plaintiff cites are limited to instances involving Liquor Code licensees. *Tahiti Bar* at 360, 150 A.2d at 115 ("The significant and determinative question is whether or not a state in its regulation of the privilege of dispensing alcoholic beverages may condition that privilege by prohibiting types of conduct and action that *in*

*another setting might be constitutionally protected.")* (emphasis added); *Commonwealth, Liquor Control Board v. J.P.W.G. Inc.,* 88 Pa. Commw. 385, 392, 489 A.2d 992, 995 (1985)* ("... nude dancing may be accepted 'in this day and age' in other forms of entertainment.") Furthermore, had the township intended that lewd, immoral or improper entertainment be given the same interpretation as the Liquor Code cases, it could have expressly done so in the ordinance. When discussing the term "alcoholic beverages," the township specifically directs the reader to the Liquor Code. The township could have put the defendant on notice of the definition of lewd, immoral and improper in a similar fashion.

### ORDER

And now, November 19, 1991, for the foregoing reasons, defendant's conviction is vacated and the case is dismissed.