**[J-68-2023]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.Q.B., A MINOR | : | No. 71 MAP 2023 |
| | : | |
| | : | Appeal from the Order of Superior |
| APPEAL OF: T.Q.B., A MINOR | : | Court dated November 14, 2022 at |
| | : | No. 1527 MDA 2021, |
| | : | Reconsideration Denied January 12, |
| | : | 2023, Affirming the Order of the |
| | : | Dauphin County Court of Common |
| | : | Pleas, Criminal Division, entered |
| | : | October 28, 2021 at No. CP-22-JV- |
| | : | 0000018-2021. |
| | : | |
| | : | ARGUED: November 29, 2023 |

**OPINION**

**JUSTICE MUNDY**                                    **DECIDED: March 21, 2024**

We granted discretionary review in this matter to address the definition of "nudity" as used in 18 Pa.C.S. § 6321, which pertains to the crime of transmission of sexually explicit images by a minor. For the reasons that follow, we affirm the Superior Court's dispositional order finding the evidence sufficient to support an adjudication of delinquency.

On October 18, 2020, T.Q.B. ("Appellant"), then twelve-years-old, appeared in an Instagram live video with A.D. A.D. was also twelve-years-old at the time and has an intellectual disability. During the livestream, Appellant encouraged A.D. to lift her shirt. In doing so, A.D. exposed the bottom portion of her breasts below the nipple area. The rest of A.D.'s breasts, including the nipple, were covered by a bra. A.D.'s mother learned

about the video through another family member. She then contacted Appellant and requested removal of the video. Appellant did not comply and the video remained on her publicly available Instagram page for several months. A.D.'s mother contacted the police after later learning from the school principle that the video of A.D. was being shared. Following an investigation, Appellant was charged with, *inter alia*, transmission of sexually explicit images by a minor graded as a second-degree misdemeanor under 18 Pa.C.S. § 6321(c). This statute provides, in relevant part, as follows:

> [A] minor commits a misdemeanor of the second degree when, with the intent to coerce, intimidate, torment, harass or otherwise cause emotional distress to another minor, the minor:
>
>> (1) makes a visual depiction of any minor in a state of nudity without the knowledge and consent of the depicted minor; or
>>
>> (2) transmits, distributes, publishes or disseminates a visual depiction of any minor in a state of nudity without the knowledge and consent of the depicted minor.

18 Pa.C.S. § 6321(c). Section 6321(g) defines nudity as follows:

> The showing of the human male or female genitals, pubic area or buttocks with less than a fully opaque cover, **the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple** or the depiction of covered male genitals in a discernibly turgid state.

18 Pa.C.S. § 6321(g) (emphasis added).

On October 20, 2021, the juvenile court held an adjudication hearing, at which A.D.'s mother and the investigating officer testified.[1] The Commonwealth also submitted into evidence the Instagram live video. After the Commonwealth presented its case, Appellant's attorney moved for a directed verdict with respect to transmission of a sexually explicit image by a minor, asserting the "nudity" element had not been established

---

[1] The juvenile court deemed A.D. incompetent to testify. *See* N.T. Adjudication Hearing, 10/20/21, at 3-11.

because the nipple was not exposed.  N.T. Adjudication Hearing, 10/20/21, at 39-40.  The juvenile court denied the motion and ultimately adjudicated Appellant delinquent of the charge at issue.  In doing so, the juvenile court explained:

> I will say for the record that I did have some trouble with the below the bottom of the nipple.  In this case, we did see the exposed chest, breast below the bottom of the nipple.  The nipple was not present.  And that's the words of the statute.  So[,] if you cover the nipple, but you see the bottom of the [breast], then I'm assuming [that's what] the legislature intended.

*Id.* at 50.  The juvenile court placed Appellant on formal probation.  She was also ordered to have "no contact" with and "write an apology letter" to A.D.  Adjudicatory/Dispositional Hearing Order, 10/28/21 at 1.  Appellant timely appealed to the Superior Court raising two issues, only one of which is relevant to this appeal.  Appellant specifically claimed the evidence was insufficient to support an adjudication of delinquency for transmission of sexually explicit images by a minor because the Commonwealth failed to establish the nudity requirement.   Appellant continued to maintain that nudity under Section 6321(g) requires exposure of the nipple.

The Superior Court unanimously affirmed.  *In the Interest of T.Q.B.*, 286 A.3d 270 (Pa. Super. filed Nov. 14, 2022).  The court first explained the well-settled standard of review for an adjudication of delinquency.  *Id.* at 273 (citing *In the Interest of V.C.*, 66 A.3d 341, 349 (Pa. Super. 2013) ("[T]he test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged.") (citation omitted)).  It then noted that despite raising a sufficiency claim, Appellant's issue actually sounded in statutory construction.  As such, the court observed the standard of review for such claims is plenary and the scope of review is *de novo*.  It continued that:

> [T]he object of statutory construction is to ascertain and effectuate legislative intent.  1 Pa.C.S. § 1921(a).  In pursuing that end, we are mindful

that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

*Id.* at 275 (quoting *Commonwealth v. Wilson*, 111 A.3d 747, 751 (Pa. Super. 2015)).

With this in mind, the Superior Court examined the plain language of the definition of nudity provided in Section 6321(g) and determined "the term does not require that the nipple must be exposed in order for an individual to have committed the offense." *Id.* The court explained that the evidence presented at the adjudication hearing established that Appellant urged A.D. to lift her shirt during the Instagram live video, exposing a portion of A.D.'s breasts below the nipple. This was sufficient to establish nudity. The court also rejected Appellant's contention that its interpretation was inconsistent with other cases addressing the meaning of nudity in the context of other statutes. *See e.g.*, *Hubler v. Pennsylvania. Bd. of Prob. & Parole*, 971 A.2d 535 (Pa. Cmwlth. 2009); *Pennsylvania Liquor Control Bd. v. J.P.W.G., Inc.*, 489 A.2d 992 (Pa. Cmwlth. 1985); *Purple Orchid, Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 721 A.2d 84 (Pa. Cmwlth. 1998). The Superior Court deemed these cases inapposite because none of them concerned the definition of nudity under Section 6321, or more specifically, the "any portion thereof" phrase. *T.Q.B.*, 286 A.3d at 276-77. The court therefore affirmed the juvenile court's dispositional order.

Appellant filed a petition for allowance of appeal with this Court. We granted discretionary review to address the following issue:

> Whether, in addressing an issue of first impression, the Superior Court panel erred as a matter of law in affirming Petitioner's adjudication of delinquency for transmission of sexually explicit images by construing the statute's definition of "nudity" under 18 Pa.C.S. § 6321(g), which includes "[t]he showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple[,]" as not requiring a showing of the nipple.

*In the Interest of T.Q.B.*, 298 A.3d 1131 (Pa. filed May 31, 2023) (*per curiam*).

Appellant explains that the definition of nudity set forth in Section 6321(g) appears in various statutes defining nudity, most notably the obscenity statute. Appellant's Brief at 11-12 (citing 18 Pa.C.S. 5903(b)). Appellant therefore disagrees with the Superior Court's determination that the definition provided in Section 6321(g) is unique. She also maintains that the definition of the nude female breast includes the showing of the nipple and the lack of an opaque covering of any portion below the top of the nipple. Appellant then points to various images in which adult females' under-breast area is exposed, explaining such images would constitute nudity if they included juveniles, which would create an absurd result. *Id.* at 12-15. Appellant asserts that no average person would consider the mere exposure of the under-breast area shown in these photos as obscene, nude, or bare-breasted.

Appellant further avers that our principles of statutory construction confirm the same. She first maintains the definition of nudity in Section 6321(g) is prone to two different interpretations, making it ambiguous. Appellant contends that "the statute prohibits the showing of a state of nudity, in this case the female breast, where there is a non-fully covered display of a portion of the nipple below the top." *Id.* at 20. This, however, creates a vast difference in scope depending on how the phrase "any portion" is interpreted. The phrase could mean any portion below the top of the nipple whether or not the nipple is exposed. It could also mean "any portion" below the nipple while also requiring the nipple itself to be exposed. *Id.* at 20-22.

Because of this purported ambiguity, Appellant argues it is necessary to resort to the rules of statutory construction. She specifically asks this Court to consider the occasion and necessity for the statute, the circumstances under which it was enacted, the mischief to be remedied, and the object to be attained. *Id.* at 22 (citing 1 Pa.C.S. § 1921(c)(1)-(4)). In this regard, Appellant maintains that "the occasion for the statute was

to lessen the punishment for minors who send sexually explicit images of themselves or other minors, outside the traditional boundaries of [child pornography]." *Id.* at 23 (citing *Moreno v. Att'y Gen. of the United States*, 887 F.3d 160, 165 (3d Cir. 2018)). She further argues that the mischief to be remedied is the transmission of sexually explicit images of minors by minors. Finally, Appellant explains that the legislative history associated with the statute indicates that its underlying purpose is to punish juveniles who send sexually explicit images of themselves or others, in lieu of applying other statutes related to child pornography. Considering the foregoing, Appellant asserts a definition of nudity that requires exposure of the nipple makes the most sense.

Appellant next references several statutes from our sister states that define nudity in a manner similar to Section 6321(g). She compares these statutes with other states' statutes that contain more expansive definitions. Consistent with the latter, Appellant claims that the legislature could have adopted broader language if it intended to punish the degree of conduct contemplated by the Superior Court. *Id.* at 28-30. Lastly, Appellant asserts that the Superior Court's interpretation of nudity in Section 6321 is inconsistent with other areas of the crimes code defining nudity. She maintains that statutes concerning the same class of persons or things should be read *in pari materia*, therefore other cases interpreting the definition should control. *Id.* 31-32. Appellant primarily focuses on *Hubler*, which she argues suggests that nudity requires exposure of the breast and nipple. *Id.* at 34-35. In light of the foregoing, Appellant asks this Court to reverse the Superior Court's decision.

In contrast, the Commonwealth first emphasizes that Section 6321 applies to the unique situation of minors targeting other minors through electronic communication, therefore any other statute defining nudity is irrelevant to this case. Turning to the specific language of Section 6321(g), the Commonwealth avers that the statute clearly and plainly

prohibits showing any part of the breast below the nipple. It goes on to explain that "while what is commonly understood as 'cleavage' would be acceptable, any remaining area of the breast below the nipple [is] not." Commonwealth's Brief at 5. The Commonwealth therefore disagrees with Appellant's contention that the Superior Court ignored ambiguity in the statute and read the definition of nudity in an overbroad and inconsistent manner. *Id.* at 6-7. The Commonwealth asserts that even if this Court were to find the words of the statute unclear, then applying the principles of statutory construction set forth in 1 Pa.C.S. § 1921(c) provide clarity. It reiterates that Section 6321 "was enacted to prevent minors from victimizing other minors in a sexual manner." *Id. a*t 11. The Commonwealth contends that Appellant's reading of the statute would reinforce the harm sought to be remedied by the statute and permit the preying upon young, defenseless victims like A.D. *Id.* at 12.

The Commonwealth avers that even if the definition of nudity were ambiguous in this case, then Appellant's behavior would militate against any application of the principle of lenity, which is doubly inapplicable as Section 6321 was clearly enacted to protect minors based on its express terms. Here, Appellant preyed upon a defenseless young woman, whose diminished intellectual ability ultimately rendered her incompetent to testify at the adjudication hearing. *Id.* at 6-7. Finally, the Commonwealth also addresses the photographs included in Appellant's brief. It first notes that these photographs were not produced below and therefore cannot be considered at this time. *Id.* at 7. In any event, the Commonwealth observes that the women in these photographs are adults, making the circumstances markedly different than what occurred in this case. *Id.* at 8-9. The Commonwealth also explains that although the showing of the under-breast is a "newly fetishized anatomical zone," its regulation is not a novel concept. *Id.* at 9. It then cites several instances where showing of the under-breast was banned on national

television, as well as livestream gaming and social media platforms in other countries. *Id.* at 9-10. The Commonwealth therefore asks this Court to affirm the Superior Court's decision.

The Pennsylvania District Attorney Association (PDAA) filed an amicus brief in support of the Commonwealth. It similarly asserts that the statutory language of Section 6321 is plain and unambiguous in that it "prohibits the showing of any part of the female breast which lies below the top of the nipple and requires that portion of the breast to be covered by something opaque." Amicus Brief at 4. The PDAA disagrees with Appellant's assertion that the phrase "any portion" could also modify the word nipple. Such an interpretation ignores the term thereof, which immediately follows the phrase "any portion." The PDAA explains that the term "thereof" generally modifies the word that precedes it, in this case the female breast, not the nipple. In its view, the legislature carefully chose its words to permit images that display cleavage, the area above the nipple, but prohibit the display of a minor's breasts below the top of the nipple. *Id.* at 5-6.

Given this clear language, the PDAA explains it is unnecessary to resort to principles of statutory construction. Even so, those rules reinforce the fact that exposure of the nipple is not required to be considered nudity under Section 6321. It explains that this Court "has held that statutes enacted with the purpose of protecting children must be broadly construed to effectuate its purpose 'in order to safeguard the welfare and security of our children.'" *Id.* at 7 (quoting *Commonwealth v. Lynn*, 114 A.3d 796, 818 (Pa. 2015)). The PDAA observes that Section 6321 is plainly aimed at protecting children by "preventing the distribution of images of children which are sexually explicit, or in which they are nude and created/sent without their consent and with an intent to harass, torment, [or] intimidate." *Id.* Relatedly, the PDAA further maintains that the Superior Court was correct in finding other statutory interpretations of nudity inapposite. It explains

that common and approved usage of a word is only relevant where the legislature promulgates a specific definition for a statutory term, as it did in this case. *Id.* at 9-10. The PDAA argues the fact that other statutes provide different definitions reinforces the legislature's decision to employ a broader definition in the context of the instant statute. *Id.* at 13. Finally, the PDAA emphasizes that the broad definition of nudity applicable to Section 6321(c) is limited by the intent requirement, which is aimed at protecting juveniles from acts of bullying. *Id.* at 14-15. Accordingly, the PDAA asks this Court to affirm the Superior Court's order.[2]

We now turn to the merits of Appellant's claim. "Issues involving statutory interpretation present questions of law for which our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Mock*, 219 A.3d 1155, 1160 (Pa. 2019). Our interpretation of nudity in Section 6321 is guided by the Statutory Construction Act, 1 Pa.C.S. § 1501-1991, which directs us "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921. This Court has further recognized:

> [T]he General Assembly's intent is best expressed through the plain language of the statute." *Commonwealth v. Brown*, [ ] 981 A.2d 893, 897 ([Pa.] 2009); *Commonwealth v. McCoy*, [ ] 962 A.2d 1160, 1166 ([Pa.] 2009). Therefore, when the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning. 1 Pa.C.S. § 1921(b); *Commonwealth v. Kelley*, [ ] 801 A.2d 551, 554 ([Pa.] 2002). We ascertain the plain meaning of a statute by ascribing to the particular words and phrases the meaning which they have acquired through their common and approved usage, and in context. 1 Pa.C.S. § 1903. Only in instances where the words of a statute are not explicit, or are ambiguous, do we consider the construction factors enumerated in 1 Pa.C.S. § 1921(c). *McCoy*, 962 A.2d at 1166; *Commonwealth v. Fithian*, [ ] 961 A.2d 66, 74 ([Pa.] 2008); *see also* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

---

[2] Appellant filed a reply brief largely reiterating the arguments raised in her principal brief. *See generally* Appellant's Reply Brief.

*Commonwealth v. Gamby*, 283 A.3d 299, 306 (Pa. 2022) (some citations omitted). The Statutory Construction Act also presumes that "[t]he General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). As a final point, this Court has explained that, consistent with the rule of lenity, penal statutes must be strictly construed "with ambiguities resolved in favor of the accused." *Commonwealth v. Coleman*, 285 A.3d 599, 612-13 (Pa. 2022). Strict construction, however, "does not require that the words of a penal statute be given their narrowest meaning or that legislative intent be disregarded." *Id.* at 613 (quoting *Brown*, 981 A.2d at 898).

With this background, we turn to Section 6321(c) setting forth the crime of transmission of sexually explicit images by a minor and the definition of nudity in Section 6321(g) used therein. Both are recounted below for ease of discussion:

> [A] minor commits a misdemeanor of the second degree when, with the intent to coerce, intimidate, torment, harass or otherwise cause emotional distress to another minor, the minor:
>
> > (1) makes a visual depiction of any minor in a state of nudity without the knowledge and consent of the depicted minor; or
> >
> > (2) transmits, distributes, publishes or disseminates a visual depiction of any minor in a state of nudity without the knowledge and consent of the depicted minor.

18 Pa.C.S. § 6321(c). Section 6321(g) defines nudity as follows:

> The showing of the human male or female genitals, pubic area or buttocks with less than a fully opaque cover, **the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple** or the depiction of covered male genitals in a discernibly turgid state.

18 Pa.C.S. § 6321(g) (emphasis added).

We first note that Appellant's issue pertains solely to the definition of nudity in Section 6321(g). She does not contest the evidence with respect to any other element of

the statute. We agree with the Commonwealth that a plain reading of the definition makes clear exposure of the nipple itself is not required to establish the nudity element. The relevant portion of Section 6321(g), emphasized above, includes in the definition of nudity "the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple[.]" The first part of the definition, taken in isolation, prohibits "the showing of the female breast." This phrase is immediately followed by several phrases that modify the type and degree of breast exposure constituting nudity. When read together, the definition prohibits the showing of the female breast absent an opaque covering over any portion of the breast below the top of the nipple. "Any" portion of the breast below the top of the nipple may include the nipple, but exposure of the nipple is certainly not required.

We struggle to see any reasonable alternative interpretation of Section 6321(g) in light of this clear statutory language. Appellant appears to suggest that the "any portion" language could also be read to modify the word nipple. However, Appellant's convoluted reading of the definition only reinforces our conclusion that exposure of the nipple is not required. *See* 1 Pa.C.S. § 1922(1). Absent any apparent ambiguity, we need not resort to the criteria set forth in 1 Pa.C.S. § 1921(c) to discern the General Assembly's intent. Appellant attempts to argue that criminalizing the showing of the under-breast area alone would criminalize all sorts of benign exposures of that area. In so arguing, Appellant fails to recognize that the statute imposes safeguards to prevent the same, one of those being the element of intent. The specific provision of the statute at issue requires the actor possess the "intent to coerce, intimidate, torment, harass or otherwise cause emotional distress to another minor" when transmitting, distributing, publishing, or disseminating a visual depiction of a nude minor. *See* 18 Pa.C.S. § 6321(c). Applying the foregoing to

the facts of this case, the Commonwealth presented sufficient evidence to support the element of nudity at Appellant's adjudication hearing.

We further reject Appellant's reliance on *Hubler*, *Purple Orchid*, and *J.P.W.G.* We first note that all of these cases were decided by the Commonwealth Court and are therefore not binding on this Court. With respect to *Purple Orchid* and *J.P.W.G.*, we agree with the Superior Court's opinion in this case that neither is particularly relevant to this appeal, considering they both involve violations of a provision of the Liquor Code prohibiting lewd, immoral, or improper entertainment in a public establishment. Although *Hubler* does not deal with the definition of nudity in Section 6321(g), it is somewhat relevant as it deals with another statute that defines nudity in a manner similar to Section 6321. In any event, *Hubler* does not support Appellant's argument that nudity requires any degree of nipple exposure. By way of background, Hubler was paroled and subject to several special conditions, one of which prohibited him from possessing pornographic materials. The special condition defined pornography as "including, but not limited to, pictures of nude or partially nude males or females[.]" *Hubler*, 971 A.2d at 537. Hubler was found in possession of two drawings of "scantily clad" women. One of these drawings showed a woman wearing a bra or bikini top and a G-string. The second drawing showed a woman squatting with an assault weapon. She wore combat boots, short shorts or a bikini bottom, and a cut-off shirt. Neither of the drawings showed the women's genitals, buttocks, or breasts from the nipples down. *Id.* at 538. In addressing whether the drawings depicted "nude" women, the Commonwealth Court looked to Section 5903 of the Crimes Code, which defines nude, in relevant part, as "showing the female breast with less than a fully opaque covering of any portion thereof below the nipple." *Id.* (quoting 18 Pa.C.S. 5903(b)). Based on this definition, the Commonwealth Court held that "since the women depicted in Hubler's drawings [did] not have their genitals, buttocks, or breasts

from the tops of the nipples down exposed, the drawings do not depict nudity or partial nudity." *Id.* at 539. This holding is consistent with our analysis above. Lastly, contrary to Appellant's assertion, nothing in the *Hubler* decision suggests that nudity in Section 5903 requires the nipple to be exposed.

In conclusion, this Court holds that Section 6321(g) does not require exposure of the nipple in order to meet the definition of nudity. Nudity is sufficiently established where any area below the top of the nipple is visible. As such, we affirm the Superior Court's dispositional order finding the evidence sufficient to support Appellant's adjudication of delinquency.

Chief Justice Todd and Justices Donohue, Dougherty, Wecht and Brobson join the opinion.