In the Matter of Revocation of Restaurant Liquor License No. R-5630 and Amusement Permit No. AP-6663, Issued to:

Margaret M. Fleischut *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs April 9, 1976, to Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 20, 1976:

The sole issue in this appeal is whether the Court of Common Pleas of Bucks County disregarded competent evidence in finding that the entertainment performed at Margaret Fleischut's Lincoln Musical Bar (Appellee), licensee, was not lewd, immoral and improper.[1] For reasons hereinafter stated, we find the court below to have erred, and therefore reverse.

Procedurally, this case is uncomplicated. Following investigation by the Pennsylvania Liquor Control Board

---

1. Appellee did not appear for appellate argument and has not submitted a brief.

(Board), a citation was issued, and after a hearing on the citation, the Board suspended Appellee's restaurant liquor license. On appeal, the court below reversed the Board's order. Hence, the instant appeal. The sole issue before the Board, the court below and us is whether the evidence presented justified a finding that the entertainment performed on the premises was lewd.

Section 493 (10) of the Liquor Code[2] in substance provides that it shall be unlawful for a licensee in any circumstance to permit on its premises lewd, immoral or improper entertainment. Violations shall subject the licensee to suspension or revocation.

The leading case interpreting Section 493 (10) is *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A. 2d 112 (1959), wherein upon facts substantially similar to those presented in this appeal, our Supreme Court held that the entertainment in issue was lewd and immoral as defined in Section 493 (10), and further, that the section and regulations promulgated thereunder were constitutional.

In *Tahiti Bar,* the entertainment which occasioned the citations upon which the suspensions were based was described by the Supreme Court as follows:

"Enforcement officers of the Board stated that they visited the Tahiti Bar on April 3, 1956 and April 4, 1956. They testified in substance that on those two occasions they observed seven 'strip acts' which involved the removal of substantially all of the female performers' apparel, and that 'bumps and grinds' were performed by 'moving the lower part of [their] body backwards and forward [in] both fast and slow motion.' The same officers visited the Lehigh Casino on May 24, 1956 and May 26, 1956. The performances were similar to those observed at the Tahiti Bar.

---

2. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493 (10).

Neither appellant contradicted nor questioned the enforcement officers' factual description of the performances. Appellants admit that the performances in both establishments were almost identical, involving in some instances, the same performers." *Tahiti Bar, Inc. Liquor License Case, supra,* 395 Pa. at 359, 150 A. 2d at 115.

A Board agent on the premises during the "go-go" performances testified that the entertainers' costumes consisted of band-aids covering a part of their breasts and gold triangular bikini-style bottoms. Both of the girls also wore shoes. One artist manipulated ceiling suspended chains, her fingers, and made obvious exotic gestures which left no doubt in the minds of the agent or the audience that her interpretative gyrations fell below the level of artistic achievement tolerated by the statute. In short, without reviewing for the purposes of this opinion the details of the performance, we are satisfied that the evidence in the record clearly exceeds the bump and grind techniques discountenanced in *Tahiti Bar*.

We hold that the court below disregarded competent evidence.

Reversed.