Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board v. Ronnie's Lounge, Inc., t/d/b/a The Scoreboard Lounge, Appellant.

214

Submitted on briefs, November 3, 1977, to Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Vincent C. Murovich,* for petitioner.

*J. Leonard Langan,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 9, 1978:

The Pennsylvania Liquor Control Board (Board) revoked the license of Ronnie's Lounge, Inc., t/d/b/a The Scoreboard Lounge (Licensee). Licensee appealed to the Court of Common Pleas which dismissed the appeal. It now comes to us for relief.

On January 20, 1976, the Board issued Citation No. 154 of 1976 charging that Licensee "by [its] servants, agents or employes permitted lewd, immoral or improper entertainment on the licensed premises, on or about December 5, 13, 1975 . . ." and that Licensee "permitted entertainers to contact and/or associate with patrons on the licensed premises on or about December 5, 13, 1975. . . ."

After hearing, the Board made findings of fact substantiating these charges and, upon consideration of these findings as well as the record of prior citations, revocation of the license followed. Following a de novo hearing in the court below, the Board's decision was sustained. We affirm.

As the court below noted, the violations resulting in Licensee's revocation stem from the proscriptions set forth in Section 493(10) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(10) and Section 5.32(d) of the Liquor Control Board Regulations, 40 Pa. Code §532(d).

Licensee argues initially that the facts do not support the finding that the entertainment performed on the premises was lewd. We disagree.

On appeal to this Court from a de novo hearing, we must affirm unless the court below committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Argonne Tavern*, 25 Pa. Commonwealth Ct. 286, 361 A.2d 480 (1976).

Our thorough review of the record made before the court below convinces us that that court neither committed an error of law nor abused its discretion. The

testimony of two officers of the Board who entered Licensee's establishment on December 5 and December 13, 1975, supports the finding that Licensee did permit lewd entertainment on the premises in violation of Section 493(10) of the Code which follows in part:

It shall be unlawful—

. . . .

(10) For any licensee, his agents or employes, . . . to permit in any licensed premises any lewd, immoral or improper entertainment. . . .

The officers graphically described the performance of three female entertainers during the pursuit of their assigned duty. Their testimony, describing the "clothing" of the performers, as well as the sexually explicit gyrations of one performer while on stage, amply supports the finding to which Licensee objects. Though somewhat circuitously referencing its position, Licensee seems to contend that the activities viewed by the officers do not, as a matter of law, amount to lewd entertainment. However, we are satisfied that the evidence of record clearly establishes conduct beyond that which was envisioned by our Supreme Court in *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959), when it decreed that these techniques constitute lewd entertainment. *See also Fleischut v. Pennsylvania Liquor Control Board,* 24 Pa. Commonwealth Ct. 557, 357 A.2d 700 (1976). Given the application of the testimony to the definition of lewd entertainment pronounced by the judgment of the highest Court in this Commonwealth, we hold this to meet the test enunciated in *Tahiti Bar, Inc., supra.*[1]

---

[1] The *Tahiti* test has never been successfully challenged.

We next consider Licensee's argument that the record does not support the finding that it violated Section 5.32(d) of the Liquor Control Board Regulations, 40 Pa. Code §5.32(d), which states in part:

No licensee shall permit any person engaged directly or indirectly as an entertainer in the licensed establishment . . . to contact or associate with the patrons in such establishment.
. . .

Again, we find Licensee's contention unpersuasive. On two separate occasions, Board officers viewed performers conversing with male patrons. Licensee submits that labeling the individuals "patrons of the establishment" is a conclusion unsupported by the record.

An officer testified that after the performance, one of the entertainers sat at the bar conversing with male patrons. An officer testified that on another occasion, another performer left the stage and sat at a table which was adjacent to his, where she had a drink and engaged in conversation with male patrons. One need not be a sophisticate in the whirl of social conduct to conclude that her conversation partners were patrons, especially since there is no testimony of record to the contrary.

Finally, Licensee urges that the court below erred when it allowed one of the officers to testify that the gestures of one of the entertainers "simulated sexual intercourse." Contrary to Licensee's contention, this officer was not proffering a legal conclusion. He merely described to the best of his ability and to the obvious comprehension of the trial court a factual incident. Nor, in allowing his testimony to stand, did the court below deprive itself of its function as a factfinder. It had the option of either accepting or rejecting the validity of this testimony. Credibility determinations could be made by the court below after

digesting the descriptive nature of the testimony and the demeanor of the officer and the other witnesses. Moreover, the court did not err when it refused to permit cross-examination on his subjective notion of what is immoral, moral or amoral. We have no hesitancy in deciding that this question calls for a legal conclusion which, of course, is within the province of the trial court.

Accordingly, we

ORDER

AND Now, this 9th day of March, 1978, the order of the Court of Common Pleas of Allegheny County is affirmed.