In the Matter of Revocation of Restaurant Liquor License No. R-2282 and Amusement Permit No. AP-2282, Issued to: Tris-Dad, Inc.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*J. Leonard Langan,* Counsel, with him *James J. Fitzgerald, III,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, December 31, 1981:

The Pennsylvania Liquor Control Board (PLCB) appeals a Philadelphia Common Pleas Court order which reduced a fine imposed on Tris-Dad, Inc. We reverse.

The PLCB imposed a $250 fine on Jimmy's Speakeasy for serving alcoholic beverages to two minors. After a lower court hearing de novo, the fine was reduced to $150.

Our scope of review is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether the lower court abused its discretion or committed an error of law, *Skowronek Liquor License Case,* 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977).

The PLCB contends[1] that the lower court erred when it held that the fact that one of the minors looked twenty-one years of age constituted a defense to the sale of liquor to minors.

Section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493 provides in part:

---

[1] We note that, although this case was submitted on briefs at November argument, we have yet to receive appellee's brief and thus do not have the benefit of any argument that counsel might have presented.

It shall be unlawful—

(1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . .

This Court has held that the only defense to a violation of this section is compliance with Section 4-495[2] of the Code, *Skowronek Liquor License Case.*

The physical characteristics of the minors is not a defense, since the record reveals that neither of the minors was ever asked to present identification. Further, the reduction of the fine was improper.

Reversed.

### ORDER

The order of the Pennsylvania Liquor Control Board, No. 2326, dated March 6, 1980, imposing a fine of $250.00 is reinstated and the decision of the Philadelphia County Court of Common Pleas, March Term, 1980, Misc. No. 2392, is reversed.

---

[2] This section requires that a person whose age is questionable present a Liquor Control Board identification card and fill in and sign a card as prescribed by Section 4-495(c).