Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Tris-Dad, Inc., Appellee.

Argued March 5, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*J. Leonard Langan*, Chief Counsel, with him *David Shotel*, Assistant Counsel, for appellant.

*Edward A. Taraskus*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 6, 1982:

The Pennsylvania Liquor Control Board (LCB) appeals a Philadelphia Common Pleas Court order reversing a fine imposed on Tris-Dad, Inc. We reverse.

The LCB imposed a $750.00 fine for two violations of the Liquor Code:[1] serving alcoholic beverages to minors and permitting lewd, immoral or improper entertainment on the licensed premises. After the trial court conducted a *de novo* hearing, it reversed the fine.

Our scope of review is limited to a determination of whether the Board's order is supported by sufficient evidence and whether the trial court abused its discretion or committed an error of law. *Skowronek Liquor License Case*, 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977).

The trial court reversed the finding of a violation of Section 4-493(1), prohibiting service to minors, on the basis that the nineteen-year old served looked to be twenty-one. This was an error of law. This Court has held that:

---

[1] Tris-Dad was cited for violations of Sections 493(1) and 493(10) of the Liquor Code, P.L. 90, *as amended*, 47 P.S. §4-493.
Section 4-493 provides in part:
It shall be unlawful —
(1) For any licensee ... or any employe, servant or agent of such licensee ... to sell, furnish or give any liquor or malt or brewed beverages ... to any minor....
(10) For any licensee ... to permit in any licensed premises any lewd, immoral or improper entertainment....

> The physical characteristics of the minors is not a defense, since the record reveals that neither of the minors was ever asked to present identification.

*In the Matter of Revocation of Restaurant Liquor License No. R-2282 and Amusement Permit No. AP-2282, Issued to TRIS-DAD, INC.*, 63 pa. Commonwealth Ct. 565, 567, 439 A.2d 1286, 1287 (1981). Here, the record indicates that the minor served was never asked to present identification.[2] Thus, it was error for the trial court to reverse the fine for this violation.

As to the charge of allowing lewd behavior, we conclude that the trial court abused its discretion and committed an error of law in reversing the fine imposed for that violation.

In addressing the issue of what is immoral or lewd behavior prohibited by the Liquor Code, we have stated:

> Credibility determinations could be made by the court below after digesting the descriptive nature of the testimony and the demeanor of the officer and the other witnesses.... We have no hesitancy in deciding that this question calls for a legal conclusion which, of course, is within the province of the trial court.

*Pennsylvania Liquor Control Board v. Ronnie's Lounge, Inc.*, 34 Pa. Commonwealth Ct. 213, 217-18, 383 A.2d 544, 546 (1978). Being a legal conclusion, it is reviewable by this Court.

In its conclusions of law, the trial court stated:

> In this case there was *no testimony* that the entertainers engaged in suggestive badinage or

---

[2] We reiterate that the only defense to a violation of Section 4-493(1) is compliance with Section 4-495(b), requiring presentation of an LCB card and signing of a card as prescribed by Section 4-495(c).

physical contact with the patrons or that sexually explicit gyrations[3] or gestures were present.... Absent such evidence, the mere fact that the dancers performed while wearing wet nightgowns is an insufficient basis for finding that the licensee violated 4-493(10). (Emphasis added.)

We base this conclusion on the fact that, by reversing the determination of the LCB, the trial court implicitly rejected the enforcement officer's testimony that the dancers were nude under the wet nightgowns and displayed various portions of their bodies during the performance. The only contradictory testimony was offered by the owner and manager of Tris-Dad to the effect that under the wet nightgowns the girls had worn band-aids and G-strings. However, the trial court ignored the further testimony of the owner himself:

BY MRS. LUNDY: [Counsel for Commonwealth]

Q. Now, did you see any of the girls raise their nightgowns and expose their pubic areas?

BY MR. GRANT:

A. When they dance yeah, the nightgown goes up in the air.

Q. It goes up?

A. Well, it's half-way up the time.

Q. And are their pubic areas exposed?

A. No. They're covered as best as they can be you know, with this G. string, okay.

---

[3] There was testimony before the trial court that the dancers did engage in explicit gyrations. The enforcement officer testified: The white female called Donna exposed her buttocks and pubic area at approximately 1:35. And that's when she would dance she would bend over and gyrate and expose her pubic area and buttocks to the audience.

Earlier, Mr. Grant had testified that the G-string had left the dancers' buttocks exposed and barely covered their pubic area.

Here, we believe that the LCB's fine must be reinstated. Our Supreme Court, in *Tahiti Bar, Inc. Liquor License Case*, 395 Pa. 355, 150 A.2d 112 (1959), reiterated that the Liquor Code must be liberally construed to help avert the evils inherently associated with the liquor industry. Here, we believe that there was substantial evidence to support the LCB's conclusion that the dancers' behavior was lewd and immoral and in violation of the Code.

We reverse and reinstate the $750.00 fine.

### ORDER

The order of the Philadelphia County Common Pleas Court, No. 80-07-2408, dated February 23, 1981, is reversed and the fine imposed by the LCB reinstated.

Judge MENCER did not participate in the decision in this case.