James Alston, Incorporated, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*William G. Dade,* with him *Trevor Edwards* and *Carl B. Stoner, Jr.,* for appellant.

*Kenneth W. Makowski,* Deputy Chief Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 17, 1983:

The Dauphin County Common Pleas Court, by order, dismissed James Alston, Inc.'s (licensee) single appeal from two orders of the Pennsylvania Liquor Control Board which revoked the restaurant liquor licenses of two of its establishments. We affirm.

The Board issued two citations, one for each premise. One charged the licensee with (1) furnishing false information regarding the sales of food and beverages in its application for a Sunday sales permit, (2) issuing checks for the purchase of malt or brewed beverages with insufficient funds available, and (3) pleading guilty to failure to remit Pennsylvania sales tax. The other citation charged the licensee with pleading guilty to failure to remit the sales tax.

After a hearing, the Board made findings of fact which substantiated these charges and issued two orders revoking each liquor license. The licensee appealed.

The licensee presented no evidence in its defense at the *de novo* hearing. The Board's evidence consisted of the prior license violations.

Our scope of review in the appeal of a de novo hearing order is limited to whether the trial court has committed an error of law or has abused its discretion. *Pennsylvania Liquor Control Board v. Ronnie's Lounge,* 34 Pa. Commonwealth Ct. 213, 383 A.2d 544 (1978).

We find no error or abuse of discretion in the disposition of this case since:

[t]he law is clear that the lower court may not change or modify a penalty imposed on a licensee by the Board without making specific material changes in the facts as found by the Board.

*Carver House, Inc. Liquor License Case,* 454 Pa. 38, 41-42, 310 A.2d 81, 83 (1973) (*quoting Pace Liquor License Case,* 218 Pa. Superior Ct. 300, 302, 280 A.2d 642, 643-44 (1971)). Since the licensee presented no evidence in its defense at the *de novo* hearing, the court[1] could not make factual findings which deviated from the Board's findings.

Affirmed.

### ORDER

The order of the Dauphin County Common Pleas Court, Nos. 293 & 294 Misc. 1979 dated December 13, 1979, dismissing the appeal of the licensee is hereby affirmed.

---

[1] The lower court's decision is reported at *James Alston, Inc. v. Liquor Control Board,* 101 Dauph. County Reports 314 (1979).