BJJ Enterprises, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

BJJ Enterprises, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

BJJ Enterprises, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

BJJ Enterprises, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 4, 1984, to Judges WIL-LIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Idee C. Fox,* for appellant.

*Gary F. Di Vito,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, October 2, 1984:

Before us are the consolidated appeals of BJJ Enterprises, Inc. (Appellant) from a decision of the Court of Common Pleas of Philadelphia County which affirmed the Pennsylvania Liquor Control Board's (Board) revocation of Appellant's liquor license. We shall consider each appeal in turn.

374

Appellant, the holder of restaurant liquor license No. R-4115, was issued a citation by the Board which alleged that Appellant had served alcoholic beverages from the licensed premises on two occasions while its license was suspended. The Board revoked Appellant's license after considering its past record of violations.

Appellant appealed to the Philadelphia Court of Common Pleas (trial court) which conducted a *de novo* hearing and subsequently affirmed the Board. On appeal Appellant argues that it was not aware of the effective license suspension period. This Court's scope of review in liquor license revocation appeals where there was a *de novo* proceeding before the trial court, is to determine whether the trial court committed an error of law or an abuse of discretion. *James Alston, Inc. v. Pennsylvania Liquor Control Board,* 71 Pa. Commonwealth Ct. 216, 455 A.2d 228 (1983). After hearing testimony from both parties concerning the posting of Appellant's suspension notice on the licensed premises, the court found the Board's witnesses to be more credible and concluded that Appellant was aware of its license suspension when it served alcoholic beverages. The court also noted that since there were four (4) violations of the Liquor Code[1] (Code) within a four year period, a suspension or revocation was required under Section 471 of the Code.

Questions of evidentiary weight and credibility are exclusively within the trial court's discretion and are not reviewable by this Court absent an abuse of that discretion. *In the Matter of Revocation of Restaurant Liquor License No. R-18291 and Amusement Permit No. AP-18291,* 46 Pa. Commonwealth Ct. 537, 408 A.2d

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101—9-902.

164 (1979). Inasmuch as conflicting testimony was received from both sides on this issue, the court properly exercised its discretion in choosing one witness to be more credible than another.

Turning to questions of law, Section 471 of the Code does indeed mandate a suspension or revocation upon a third or subsequent violation of the Code within a four year period. The trial court, having not made materially different findings of fact than those of the Board, was prohibited from modifying the Board's penalty. *See, e.g., Allegheny Beverage Co., Inc. v. Pennsylvania Liquor Control Board,* 67 Pa. Commonwealth Ct. 487, 447 A.2d 725 (1982). Having found no abuse of discretion or error of law we affirm the trial court's decision.

No. 80 C.D. 1982

No. 81 C.D. 1982

In these appeals Appellant challenges the trial court's decision affirming the Board's revocation of Appellant's liquor license for permitting lewd, immoral or improper entertainment on the licensed premises. The trial court found that Appellant permitted the performance of topless dancing girls who wore panties or G-strings which permitted one to see the pubic area and permitted these girls to converse and associate with the patrons of the bar when they were not performing. The court concluded that "the actions of an entertainer at a bar, dancing with no covering whatsoever on the upper part of her body and engaging in suggestive banter with the bar's patrons constituted lewd, immoral or improper entertainment within the meaning of the Liquor Code," in violation of Section 493(10).

The decision of the trial court is in full accord with our decision in *Pennsylvania Liquor Control Board v. Tris-Dad, Inc.,* 68 Pa. Commonwealth Ct. 176, 448 A.2d

690 (1982), and directly in line with our opinion in *Appeal of John Sapia, My-Oh-My-Bar,* 34 Pa. Commonwealth Ct. 271, 383 A.2d 1283 (1978), where we held that a dancer in a licensed premises who performed with no covering on the upper part of her body and engaged in suggestive badinage with patrons, came within the proscriptive language of Section 493 (10) of the Code. *See also Fleischut v. Pennsylvania Liquor Control Board,* 24 Pa. Commonwealth Ct. 557, 357 A.2d 700 (1976). Moreover, the penalty of license revocation is not inconsistent with a finding that the licensee violated Section 493(10). *Id.* Accordingly, the decision of the trial court in these appeals is affirmed.

## No. 78 C.D. 1982

This appeal concerns the trial court's decision to affirm the Board's revocation of Appellant's liquor license, for Appellant's failure to maintain local health and sanitation laws. The court found that on January 8, 1980, the City of Philadelphia (City) revoked Appellant's Preparing and Food Serving License or Health License for Appellant's failure to comply with a City tax requirement. The court stated that since Appellant's food preparation license was revoked it could not lawfully prepare or serve food. If the Appellant could not serve food, the court reasoned, then it would be in violation of Section 406(a) of the Code which permits holders of restaurant liquor licenses to sell liquor "only in that part of the hotel or restaurant habitually used for the serving of food to guests or patrons, . . . ." The Court's logic is inescapable and there being no error of law or abuse of discretion, we affirm.[2]

---

[2] *See also New Sorrento, Inc. t/a Applause v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982) (upholding license revocation where upon inquiring about

### ORDER

AND Now, October 2, 1984, the decisions of the Court of Common Pleas of Philadelphia County in the above-captioned cases are affirmed.

---

food, agents of the Board were told that no food was served on the premises and there were no dishes, silverware, or cooking utensils on the premises, and all electrical appliances were empty and/or unplugged).