## 2600 Lewis Inc. v. Board of License and Inspection Review

334

*Richard L. Hahn,* for appellant.
*John Gambescia,* for appellee.

AVELLINO, *J.*, November 18, 1994—This statutory appeal implicates a solitary question: May the City of Philadelphia acting through the Department of License and Inspection *revoke* business licenses on an *ex parte* basis? Stated differently, are business licensees entitled to a *pretermination* hearing?

Briefly, the appellant, a domestic corporation, is the owner of Lois Family Lounge, a bar/restaurant located in North Philadelphia. Judging from the record, it owes municipal taxes totaling approximately $16,000. Instead of suing for these dollars, the Law Department referred the case to L&I with *instructions* to *revoke* the appellants' business privilege and food-preparation licenses. L&I complied, and almost overnight the Lois Family Lounge was out-of-business.[1] It appealed to the Board of License and Inspection Review but five months later that body affirmed the action taken by L&I. This appeal followed.

---

1. See L&I notice dated April 28, 1993 ("This is to notify you that the [above] licenses are revoked for failure to file and/or pay city business taxes."). A copy of this notice was sent to the Pennsylvania Liquor Control Board which, in turn, revoked appellant's liquor license on the grounds that absent a food-preparation license it was no longer a *"restaurant*-licensee." See *e.g., BJJ Enterprises Inc. v. Commonwealth*, 85 Pa. Commw. 372, 376, 481 A.2d 1253, 1255 (1984) ("If the appellant [cannot] serve food [it is] in violation of section 406(a) of the [Liquor] Code.").

It is common ground that the issuance of a business license creates "a right or entitlement which triggers procedural rights under the [state and federal constitutions]." See *e.g., Young J. Lee Inc. v. Commonwealth, Department of Revenue,* 504 Pa. 367, 375, 474 A.2d 266, 270 (1983). Typically, the pivotal question for American courts is how much process is due. For example, in this case the licensee insists it was entitled to a *pretermination* hearing,[2] whereas L&I maintains that the *opportunity* for a *post-termination* hearing was sufficient for due process purposes.[3]

Happily, it is unnecessary to address constitutional concerns. The Philadelphia Code[4] and the Local Agency Law 2 Pa.C.S. §§551-55, 751-54, both require L&I to provide a pretermination hearing. It is pointless to dwell on the former because subchapter B of the latter trumps, so to speak, inconsistent municipal procedures.[5]

---

2. See *e.g., Goldberg v. Kelly,* 397 U.S. 254 (1970). For discussions of the hearing requirement, see *e.g.,* Henry J. Friendly, *Some Kind of Hearing,* 123 U. Penn. L. Rev. 1267 (1975) (critiquing American courts for imposing their adjudicatory model upon administrative agencies); Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law, Substance and Procedure, 2d §§17.7-17.9 (1992) ("When someone's life, liberty or property interest is going to be taken by the government, procedural due process principles normally will require that the person receive notice and a hearing prior to the deprivation of the constitutionally protected interest.").

3. See *e.g., Midnight Sessions Ltd. v. City of Philadelphia,* 945 F.2d 667, 679-82 (3d Cir. 1991) (implicating L&I's refusal to *issue* a dance hall permit).

4. Section 9-103 of the Philadelphia Code provides, in pertinent part, "No agency shall ... revoke any license ... until [it] has served written notice of the alleged violation upon the holder ... and afforded him an opportunity to show or achieve compliance with all lawful requirements."

5. 2 Pa.C.S. §§551-55 (governing practice and procedure before local agencies).

Section 553 of the LAL explains: "No adjudication of a local agency shall be *valid* as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." (emphasis added) Because it is empowered to do so, L&I's decision to revoke the appellant's license constitutes an "adjudication." See *e.g., Philadelphia Housing Authority v. Philadelphia Gas Commission*, 27 Phila. 140, 142 & n.5 (1994). ("[A]n 'adjudication' [as defined by the LAL] is a *final determination*—as opposed to a *recommended resolution*—of personal or property rights.") (emphasis in original) However, because L&I ignored section 553, its revocation was a nullity.

Unfortunately for the appellant, written vindication is about all that we can offer.[6] When this court sits as an appellate court, it may not provide relief beyond that set forth in the Judicial Code.[7] For example, we may not now award damages for L&I's failure to provide a hearing.[8] True, we could order L&I to provide an administrative hearing on a nunc pro tunc basis. Yet, the licensee has already received a full-blown hearing before the LIB, albeit on an ex post basis.

An appropriate order affirming the adjudication of the LIB follows, and will be entered in due course.[9]

---

6. It may be worth adding that the government's failure to provide a pretermination hearing is usually actionable under section 1983 of the Civil Rights Act, 42 U.S.C. §1983. For a discussion, see *e.g.*, Charles H. Koch Jr., Administrative Law and Practice, §7.42 (1985 & Supp.).

7. See 42 Pa.C.S. §701 (when common pleas sits as an appellate court, sections 702-708 of the Judicial Code apply or are available to them).

8. *Id.* at section 706 ("Disposition of Appeals"); *accord* 2 Pa.C.S. §754(b) (common pleas may enter only orders authorized by section 706 of the Judicial Code).

9. The appellant agrees that the city was entitled to revoke its business privilege license for non-payment of taxes. See section 19-

## ORDER

And now, to wit, November 18, 1994, this appeal is denied for the reasons set forth in the foregoing memorandum.

---

2602(4)(a) of the Philadelphia Code (conditioning license retention upon the payment of local taxes). Although it argued that the Code did not contain an analogous provision for revoking its food-preparation license, the LIB reasoned that a person who lacks a business privilege license is not entitled to conduct business and, hence, may not possess any licenses of a mercantile nature. Because the LIB's interpretation is plausible, it is binding upon common pleas, see *e.g., Giant Eagle Inc. v. Commonwealth Milk Marketing Board,* 157 Pa. Commw. 419, 630 A.2d 478 (1993), and the appellant conceded as much during argument.