Mayetta **BROWNE**, as Administratrix of the Estate of Richard Browne, Deceased, and individually in her own right, Appellant

v.

**COMMONWEALTH** of Pennsylvania, Department of Transportation, Easttown Township, Allan A. Myers, Inc., Alexandra Orange Hawkins

v.

**Ram T. Corporation.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 2003.

Decided March 1, 2004.

Albert Ominsky and Andrew M. Ominsky, Philadelphia, for appellants.

Allen R. Bunker, Philadelphia, for appellee, F. Miraello, Esq. as guardian ad litem for A. Hawkins.

Peter A. Callahan, Philadelphia, for appellee, Ram T. Corporation.

Jane H. Fisher, Norristown, for appellee, Dept. of Transportation.

John J. Hare, Philadelphia, for appellee, Allan A. Myers, Inc.

Jeffrey P. Lewis, West Chester, for appellee.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge and MIRARCHI, JR., Senior Judge.

OPINION BY President Judge COLINS.

Mayetta Browne, in her own right, and as Administratrix of the Estate of Richard Browne (decedent), appeals an order of the Court of Common Pleas of Chester County that denied Browne's motion for post-trial relief seeking a new trial against the defendants she named in a negligence action. A jury had found that none of the defendants had committed any act of negligence.

Decedent was killed on February 12, 2000, when he lost control of his car on a patch of ice on Sugartown Road in East-town Township, crossed into the eastbound lane, and collided with another vehicle. Browne alleged in her complaint that negligent actions of the various defendants caused the ice to form on the road.

Browne proffered the following factual basis for her negligence claim against the defendants. The Township contracted with Allan A. Myers, Inc. (contractor) to improve the township's sewer system and provide for water run-off. This work involved construction around Sugartown Road. The Township's director of public works was responsible for inspecting the construction work. In order to perform the sewer work, Myers was required to move large amounts of soil. To facilitate the work, Myers entered into an agreement with adjacent property owner Alexandra Hawkins, who agreed to have the soil deposited on her property in exchange for Myers' agreement to construct berms on the Hawkins property abutting Sugartown Road.

Myers began construction of the berms in September, 1999, without having prepared erosion or sedimentation plans and without obtaining a permit from the township for the construction of the berms. The constructed berms were approximately 10 feet high, 63–80 feet wide, and 179 feet long. The berms were built close to the road, without a swale to divert run-off away from the road. In October, 1999, Myers engaged RAM–T Corporation as a subcontractor to install silt fences along the berm in order to control erosion and to prevent the flow of soil from the berms onto Sugartown Road.

Following an unrelated accident on Sugartown Road on February 12, 2000, involving a large patch of ice on the westbound lane, a representative of the Pennsylvania Department of Transportation, which owns and maintains the road, observed the patch of ice. Three days later, decedent was killed in the previously described accident. A township police officer, Robert Taylor, arrived at the scene of the accident and observed that parts of the erected silt fences located near the patch of ice were down, that mud and dirt was on the road in the area of the accident, and that water was running onto the road from the berms contractor erected.

The case was tried before a jury. The trial court (1) granted a nonsuit in favor of Easttown Township at the close of Browne's case; and (2) granted a nonsuit in favor of RAM–T Corporation at the close of all evidence. With regard to the remaining defendants, DOT, Hawkins, and contractor Myers, the jury concluded that none of those defendants had acted negligently. Because the jury found no negligence, it did not consider the issues of causation or damages. Browne filed post-trial motions, asserting that she was entitled to judgment notwithstanding the verdict, and alternatively, seeking a new trial, based upon the following alleged errors:

(1) The trial court erred in precluding Officer Taylor from providing opinion testimony concerning the cause of the accident;

(2) The trial court erred in prohibiting testimony concerning Easttown Township Ordinance No. 126, a soil erosion ordinance;

(3) The trial court erred in prohibiting the testimony of Township Engineer Surrender Kohli;

(4) The trial court erred in granting nonsuit in favor of Easttown Township and RAM T;

(5) The trial court erred in excluding a 911 tape as evidence;

(6) The trial court erred in prohibiting testimony regarding the issuance, or lack thereof, of permits and inspections; and

(7) The trial court erred in prohibiting testimony regarding silt fence standards.

The trial court denied those post-trial motions on February 24, 2003. Browne filed an appeal from the trial court's decision, and on March 5, 2003, the trial court directed Browne to file a concise statement of matters complained of on appeal. In its opinion filed in accordance with Pa. R.A.P. 1925(a), the trial court noted that Browne had failed to preserve most of the issues raised in her concise statement because she did not raise them in her post-trial motions. The issues Browne raises here are:

1. Whether the trial court erred by excluding evidence concerning Township Ordinance No. 126, which relates to sedimentation, erosion, and grading control.

2. Whether the trial court erred in precluding the testimony of the Township's engineer.

3. Whether the trial court erred in failing to qualify the investigating police officer as an expert on causation, and by precluding the admission of his testimony as a fact and opinion witness.

4. Whether the trial court erred in precluding the testimony of Browne's expert regarding industry standards for silt fence construction.

5. Whether the trial court erred in granting a nonsuit in favor of the Township.

6. Whether the trial court erred in granting a directed verdict in favor of RAM–T.

## 1. Exclusion of evidence regarding Township Ordinance No. 126 from Browne's expert, David Fleisher.

The trial court concluded that Browne had waived most of the issues regarding the ordinance because she did not include discussion of the issues in her memorandum of law submitted on post-trial exceptions. The trial court held that, to the extent that any of the issues were properly preserved, they lacked merit. The court determined that admission of the engineer's testimony as to the Township was moot, because of governmental immunity, and redundant as to the other defendants, because the ordinance was admitted in the record.

▮▮▮ Browne sought the admission of testimony of her expert, David Fleisher, who would have testified that the ordinance required the contractor to submit plans before proceeding to move the soil. Browne asserts that proof of violation of an ordinance is permissible as evidence to be considered with other admitted evidence. Specifically, Browne asserts that the trial court erred in prohibiting its expert David Fleisher "from construing the Ordinance [and offering] an opinion that it was violated;" and that Browne was precluded from offering evidence as to the legal responsibility of various parties under the Ordinance. (Br. p. 15) We agree with the trial court's conclusion that the question of whether a party has violated an ordinance is a question of law, and thus, legal opinion testimony is not admissible.[1] A witness may testify as to the action he

---

1. See, for example, *Commonwealth, Liquor Control Board v. Ronnie's Lounge, Inc.*, 34 Pa.Cmwlth. 213, 383 A.2d 544, 546 (1978), where this Court noted that testimony a party sought to introduce called for a legal conclusion, which the Court recognized as being within the province of the trial judge.

434

or she took with regard to an ordinance, in order to develop a factual basis to assist the court or jury in determining whether an ordinance applies and whether a party complied with the terms of the ordinance, but the witness may not ordinarily testify as to whether he believes a party's actions constitute a violation of the ordinance.

As noted by DOT, the trial court did not preclude Mr. Fleisher from reading from the ordinance. Nor did the trial court preclude Mr. Fleisher from testifying as to the conditions of the roadway and berms or, how in his expert opinion, the berms should have been constructed. The trial court questioned Browne's counsel as to what testimony he sought from Mr. Fleisher. Counsel indicated he wanted Mr. Fleisher to testify about the standards the Ordinance imposed. The trial court reasonably concluded that the Ordinance itself was the best source of that information. The trial court stated, "That doesn't mean he can't read from the ordinance, but he cannot offer his opinion as to its legal effect." The trial court's ruling conforms to our notation above, that legal conclusions are within the purview of the trial court, not witnesses. We find no error in the trial court's action.

## 2. Exclusion of Township Engineer Kohli's testimony.

■ Browne asserts that the trial court erred in disallowing testimony from township engineer Surrender Kohli. Browne sought to have Mr. Kohli testify regarding whether defendant Myers obtained a permit under Ordinance No. 126, the aforementioned soil erosion regulation. Browne contends that this testimony was crucial to establish that defendants Myers and RAM–T were negligent because they failed properly to design, construct, and maintain the berms, and that the Township was negligent in failing to inspect the safe-

ty of, and drainage from, the berms. The trial court concluded that Browne sought Kohli's testimony to establish the ordinance's legal effect, a purpose the trial court concluded, was not permissible. The scope of Mr. Kohli's testimony would have related to the requirement of a permit, and the duties raised under the Ordinance with regard to the berms. We agree with the defendants' argument that the trial court did not err in precluding Mr. Kohli's testimony. The issue of whether the defendants complied with Ordinance No. 126 is not relevant to the question of whether the defendants acted negligently in constructing the berms. The failure to apply for or obtain the permit does not relate to the question of whether the berms were improperly designed, constructed, maintained, or inspected. Browne never raised the question of whether violation of the Ordinance constitutes negligence per se. Accordingly, we conclude that the trial court did not err in precluding Mr. Kohli's testimony.

## 3. Grant of nonsuits to the Township and RAM–T.

■ The trial court concluded that Browne had waived several of the issues she raised in her post-trial motion because she failed effectively to argue and brief those issues in her memorandum of law. The trial court cited the Superior Court's decision in *Jackson v. Kassab,* 812 A.2d 1233 (Pa.Super.2002), *petition for allowance of appeal denied,* 573 Pa. 698, 825 A.2d 1261 (2003), in support of its dismissal of the issues. We briefly address those issues.

With regard to the trial court's grant of a nonsuit in favor of the Township, we note that Browne's memorandum of law in support of her post-trial motion does contain a paragraph concerning this issue. Browne states therein that she presented sufficient

evidence to overcome the township's governmental immunity claim, and that its actions fell within the real estate and utility service exceptions to the grant of immunity. In similarly cursory fashion, Browne asserted that the trial court erred in dismissing RAM T, based on the opinion of Browne's expert that RAM T breached a standard of care by failing to place hay bails along the silt fence and failing to conduct subsequent inspections of the fence.

■ The trial court concluded that the substance of the memorandum with regard to the Township's immunity and RAM T's alleged negligence did not satisfy the requirement of briefing and arguing an issue. We agree. Although Browne did provide a brief summary of the issues, those statements are insufficient to constitute the type of argument and discussion envisioned in a brief or memorandum of law. At the appellate level, a party's failure to include analysis and relevant authority results in waiver. *See* 2 G. Ronald Darlington et al., Pennsylvania Appellate Practice, § 2119.4 (2d ed.2002). As noted by the Superior Court in *Jackson,* in order to effectuate the duty of trial courts to review and consider its determination under Pa. R.C.P. No. 227.1, parties should brief and argue the issues raised in post-trial motions. In *Jackson,* the court concluded that the "[a]ppellants' failure to brief and argue their post-trial motions resulted in the trial court being deprived of its opportunity to address the merits of their post-trial contentions." *Id.,* 812 A.2d at 1235. As noted by the trial court here, even the dissenting opinion in *Jackson,* indicated that waiver will occur when a party elects to file a brief, but does not effectively set forth argument on an issue. Accordingly, we agree with the trial court's conclusion that Browne has waived these issues.

### 4. Exclusion of testimony on silt fence standards.

■ Browne argues that the trial court erred by precluding the testimony of David Fleisher regarding standards adopted by the American Society for Testing and Materials (ASTM) pertaining to the erection of silt fences. Browne asserts that this evidence was relevant to the question of whether defendants Myers or RAM–T were negligent in the construction and maintenance of the silt fence. As noted by RAM–T, Mr. Fleisher did not mention ASTM in his reports as a source of his opinion. At trial, counsel for RAM–T objected to Browne's proposed use of the ASTM standards. Browne's counsel offered the following:

> Browne's Counsel: Yes, sir, I am going to offer a standard practice for silt fence installation that is authorized by the [ASTM]. First, this is identified in a defense report as an authority for silt fences. I am going to have the witness testify to the fact that this is relied on in building silt fences, and he, in fact, in his testimony, will rely on this as far as what was proper in building the silt fences on the property.

The trial court sustained the objection to Browne's proposed evidence, based upon the doctrine that the standards were similar to authoritative text. The court stated:

> That's not a proper use of an authoritative—it's similar to an authoritative text, and that is not a proper use of such materials. If he has an opinion, he has an opinion, and he can testify as to what his opinion is, and that can be impeached by the use of an authoritative text and similar materials. It can be buttressed under some circumstances with the use of those materials, but he can't just say those are the standards. They don't speak for themselves, and they're not, in and of themselves, opin-

ions. Under some circumstances, which I find to be not here present, they could be used in a case in chief. He can certainly identify them, not the content, but if he relied upon them in forming an opinion, he can identify that as a basis for his opinion, not the content, but just its existence. But the standards themselves are not independently admissible.

During Mr. Fleisher's testimony he had the opportunity to indicate that he relied upon the standards in reaching his opinion. The impact of the trial court's ruling was simply to deny Browne the right to read the standards to the jury. While Browne was precluded from having Mr. Fleisher read the standards to the jury, she was not prevented from having Mr. Fleisher testify as to how specific standards applied to his opinion.

### 5. Exclusion of Officer Taylor's testimony.

 Browne claims the trial court erred in failing to enforce the subpoena issued upon Officer Taylor. However, Browne failed to preserve this issue in her post-trial motion. Moreover, while our review of the record shows that a subpoena and notice to attend were served upon Taylor, and that Browne was aware that Taylor might not appear, Browne has pointed to no place in the record where she sought to have the trial court enforce the subpoena, nor has our review revealed any motion made to the trial court seeking to compel Taylor's appearance. Although we are not familiar with the subpoena enforcement practice in Chester County, typically a party must affirmatively seek some assistance from the trial court to compel an appearance. No such request appears of record, and, even if Browne had properly raised the issue, we can discern no duty on the part of the trial court to sua sponte seek to enforce a subpoena. We have searched the record and discovered no attempt or objection by Browne to challenge Officer Taylor's failure to comply with the subpoena. As noted by Justice Flaherty in *Commonwealth v. Mulholland,* 549 Pa. 634, 648, n. 5, 702 A.2d 1027, 1034, n. 5 (1997), "[i]n a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument. *See* Pa.R.A.P. 2119(c) (If reference is made to the evidence in the record, 'the argument must set forth … a reference to the place in the record where the matter referred to appears….')." Accordingly, we conclude that Browne waived the issues related to Officer Taylor's testimony. Even if Browne had properly raised the issues regarding the trial court's alleged errors concerning Officer Taylor's testimony, as discussed below, we would have concluded they were meritless.

 We first address the issue of waiver regarding Officer Taylor's testimony. Browne's memorandum of law in support of her post-trial motion argues only that the trial court erred in precluding her from offering Taylor's **opinion** and causation testimony. Browne did not raise the question of whether the trial court erred in precluding Taylor from testifying as to facts. Accordingly, the only issue properly before the Court is whether the trial court erred in precluding Taylor's opinion testimony on causation.

Defendant Myers filed a Motion in Limine, seeking to exclude Taylor's opinion and causation testimony. The trial court ruled on this motion on the first day of trial, denying the motion, subject to Myers' right to object to the submission of Taylor's testimony as an expert. The judge allowed Taylor's deposition testimony as to causation to be read to the jury. In his opinion, the trial court pointed out that Officer Taylor's opinion testimony concerned only causation and, because the jury found that no negligence occurred, any error was harmless. However, the trial court also indicated his belief that

Officer Taylor was not qualified as an expert.

 As DOT notes, an investigating police officer who did not witness an accident may not render an opinion as to causation at trial unless the officer has been qualified as an expert. *McKee v. Evans*, 380 Pa.Super. 120, 551 A.2d 260 (1988), *petitions for allowance of appeal denied*, 522 Pa. 600, 604 and 605, 562 A.2d 824 and 827 (1989). Thus, because Officer Taylor did not witness the accident, his opinion testimony as to causation would be permitted only if he was qualified as an expert. Although we agree that, if the trial court's conclusion was erroneous, it would be harmless error, we will nevertheless consider whether the trial court erred in its determination that Officer Taylor was not an expert. The determination of whether a witness qualifies as an expert is left to the sound discretion of the trial court, and this court can disturb such a finding only when the trial court has committed an abuse of that discretion. *Lira v. Albert Einstein Medical Center*, 384 Pa.Super. 503, 559 A.2d 550 (1989), *petitions for allowance of appeal denied*, 527 Pa. 635, 592 A.2d 1302 (1990).

Myers' motion in limine asserted that Officer Taylor had not seen the accident, he admitted he had no expertise in accident reconstruction, he had never testified as an expert in any similar case, he had performed no mathematical calculations, and he stated that his opinions were based on assumptions that were not validated.[2] We note additionally, that under a section captioned "Measurements and Photos," Officer Taylor's report reflects that "Cpl. F. Nauger of Uwlchlan Twn. Police and Officer Darren Sedlack of the West Goshen Police, responded and performed scene mapping. The investigating officer is not qualified to interpret the report supplied by Cpl. Mauger." Officer Taylor's report indicates in the conclusion section that, "[a]s reported by the witness, [decedent's vehicle] went onto the ice. The vehicle lost traction and started to yaw to the left. It has not been determined why the vehicle lost traction, other than the roadway was covered with ice."

At trial on November 13, 2002, the trial court noted that Officer Taylor was unavailable, but allowed his deposition testimony to be read to the jury. N.T. 11/13/2002, pp. 172–219. A review of Officer Taylor's deposition supports the trial court's conclusion that Officer Taylor was not a qualified expert. As noted by the defendant parties and noted above, Officer Taylor himself testified at his deposition that he was not an expert. He testified that he had "Level II collision investigation with the State Police." N.T. 11/13/2002, p. 175. However, Browne never sought to introduce exactly what that training entailed.[3] There is no indication that such training provided Officer Taylor with the type of knowledge that would render him an expert on causes of accidents. Browne sought Officer Taylor's testimony concerning not only the causative relationship between the alleged icy surface of the road, but also as to the relationship between the allegedly improperly constructed berms and the icy condition of the road. However, as noted in footnote two of this opinion, Officer Taylor stated that he did not observe the source of the water. Based upon the evidence in

---

**2.** For example, counsel for Browne asked Taylor, "Did you at any time see where the water had come from? Taylor answered, as follows: "I only made an assumption. I didn't particularly examine the area for where the water was coming from." N.T. 11/13, pp. 197–8.

**3.** We mention again here that the record does not indicate that Browne sought to have the trial court enforce the subpoena.

the record, we conclude that, even if Browne had properly raised an objection to the trial court's alleged preclusion of Officer Taylor's testimony, the trial court did not err in concluding that Officer Taylor was not qualified as an expert.

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, this 1st day of March 2004, the order of the Court of Common Pleas of Chester County is affirmed.