# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chalmers A. Simpson, Jr.,        :
                  Appellant      :
                                  :
            v.                 :     No. 413 C.D. 2019
                                  :     Submitted: October 11, 2019
Dauphin County Housing Authority   :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: February 11, 2020**

Chalmers A. Simpson, Jr. (Appellant), pro se, appeals from a February 27, 2019 order (Order) of the Court of Common Pleas of Dauphin County (common pleas) dismissing the pending case between Dauphin County Housing Authority (Authority) and Appellant on a landlord/tenant matter. However, Appellant's brief focuses on an adverse decision of a case in the United States District Court for the Middle District of Pennsylvania (federal district court) between these same parties. Unfortunately, he has, therefore, waived any issues on appeal to this Court. We affirm.

Appellant entered into a lease with the Authority in June 2014 for an apartment located at 218 South 2nd Street in Steelton, Pennsylvania. Appellant received a rent change notification in April 2015, which he disputed. Although an Authority official found the dispute not grievable, Appellant ceased paying rent.

The Authority notified Appellant in June 2015 that it would terminate his lease due to his nonpayment of rent and initiated a landlord/tenant complaint in the magisterial district court. The magisterial district judge (MDJ) entered judgment in favor of the Authority in the amount of $880 for the two months of rent in arrears plus costs. Appellant appealed that judgment to common pleas.

While the case was pending before common pleas, Appellant initially paid his monthly rent into an escrow account pursuant to Rule 1008.B of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges, Pa.R.C.P.M.D.J. No. 1008.B, which allowed his appeal to operate as a supersedeas so long as he continued to pay rent into the account while the appeal was pending.[1] Appellant paid five months of rent into the escrow account, which was later disbursed to the Authority pursuant to a stipulation. Appellant ceased paying further rent. As a result, the Authority served Appellant with multiple notices of lease termination between February and July 2016 before filing with common pleas on July 13, 2016, under the same docket as Appellant's MDJ appeal, a complaint in ejectment seeking eviction. Appellant

---

[1] Rule 1008.B provides in relevant part:

[w]hen an appeal is from a judgment for the possession of real property, receipt by the magisterial district judge of the copy of the notice of appeal shall operate as a supersedeas only if the appellant at the time of filing the notice of appeal, deposits with the prothonotary a sum of money . . . equal to the lesser of three (3) months' rent or the rent actually in arrears on the date of the filing of the notice of appeal, based upon the magisterial district judge's order of judgment, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent which becomes due during the period of time the proceedings upon appeal are pending in the court of common pleas.

Pa.R.C.P.M.D.J. No. 1008.B.

never responded to the complaint. The Authority then requested from the MDJ an order for possession, which was issued and served on Appellant, directing him to vacate the apartment no later than August 8, 2016. Because Appellant ceased paying rent into the escrow fund during the pendency of the appeal as required under Rule 1008.B, the Authority also sought to terminate the supersedeas and, in response, Appellant filed a Motion to Stay (Delay) Order for Summary Eviction and Order for Possession (Motion to Stay).[2] Common pleas did not accept Appellant's Motion to Stay because of his failure to comply with local rules and granted the Authority's motion to terminate the supersedeas. Pursuant to the MDJ's order granting the Authority's request for an order for possession, **Appellant was evicted**.

In the interim, Appellant, pro se, instituted an action against the Authority in the federal district court, docketed at 1:16-cv-01747, asserting that the Authority had violated his federal constitutional rights by instituting eviction proceedings without providing him a grievance hearing. The United States District Magistrate recommended granting the Authority's motion to dismiss, and the federal district court, by order dated February 23, 2018, adopted this recommendation, dismissing Appellant's claims with prejudice. (Authority's Administrative Application for Status Conference, Record (R.) Item 24, Ex. A.)

Appellant not having pursued his action in common pleas, on December 17, 2018, common pleas provided the parties with a Notice of Proposed Termination of Court Case (Termination Notice), in which it notified Appellant that "the court

---

[2] Appellant was represented by counsel at the time he filed the Motion to Stay. Appellant's counsel then filed a petition to withdraw as counsel, which common pleas granted, and Appellant proceeded pro se thereafter.

intends to terminate this case without further notice because the docket shows no activity in the case for at least two years." (Termination Notice, R. Item 20.) The Termination Notice also advised the parties that they could "stop the court from terminating the case by filing a statement of intention to proceed" before January 16, 2019. (*Id.*) Appellant timely filed a statement of intention to proceed, requesting common pleas to schedule a status conference. By order dated January 11, 2019, common pleas directed the parties to confer in order to expeditiously move the action "to settlement, arbitration, trial or other disposition" and provide a joint status report. (R. Item 22.) The Authority then filed an Administrative Application for Status Conference, asserting that the Authority believed Appellant had no good faith intent to challenge his eviction in the present case and noting that Appellant was evicted in 2016 and took no action on the case since then. At the status conference, common pleas noted that the case arose from the MDJ appeal, the Authority subsequently filed a complaint, which Appellant did not answer, and the Authority now requested dismissal of the case. (Status Conference Hr'g Tr., R. Item 35.) Attached to the Authority's Administrative Application for a Status Conference were the orders and opinions from Appellant's federal district court case. Upon consideration of the Authority's Administrative Application for a Status Conference, common pleas ordered the parties to attend a status conference, following which common pleas issued its Order, stating that common pleas "determined there are no additional matters properly before the [c]ourt in this case," and, therefore, at the Authority's request, "this case is dismissed with prejudice." (Order, R. Item 26.) Appellant appealed,[3] and common pleas directed

---

[3] Pursuant to Section 5571 of the Judicial Code, 42 Pa. C.S. § 5571, Appellant's notice of appeal of the Order had to be filed within 30 days of February 27, 2019, the date the Order was **(Footnote continued on next page…)**

4

him to file a statement of errors complained of on appeal (Statement), pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). Appellant timely filed his Statement, setting forth the asserted errors of the trial court in 30 numbered paragraphs. Appellant asserted denials of the right to a fair trial, violations of the Fair Housing Act[4] and regulations, the filing of an eviction without proper notice, ineffective assistance of counsel, and lack of subject matter jurisdiction. Common pleas issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), explaining that the Order adequately addressed any issues raised in Appellant's Statement.

Before this Court,[5] Appellant, citing the scope and standard of review of a federal district court decision, argues only the merits of his federal district court case. Appellant asserts that the federal district court erred when it entered the

---

**(continued…)**

entered. Two different stamps on the filed notice of appeal in the record show that the notice of appeal was received by the Dauphin County Clerk of Courts on March 27, 2019, and received by the Dauphin County Prothonotary on April 1, 2019. Common pleas' docket and, therefore, the docket before this Court, reflect a file date of April 1, 2019. Pursuant to Rule 905 of the Pennsylvania Rules of Appellate Procedure:

> If a notice of appeal is mistakenly . . . filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905. Therefore, because Appellant's notice of appeal was received by the Dauphin County Clerk of Courts on March 27, 2019, it is deemed filed on that date, which is timely.

[4] 42 U.S.C. §§ 3601-3631.

[5] Because common pleas ultimately dismissed the matter at the Authority's request, we review the Order as if it granted a motion to dismiss, and our review "is limited to determining whether [common pleas] abused its discretion or committed an error of law." *DeFilippo v. Cranberry Twp. Bd. of Supervisors*, 49 A.3d 939, 941 n.1 (Pa. Cmwlth. 2012).

Order dismissing Appellant's case and asserts he is entitled to summary judgment for his claims in **that** case.[6]  Specifically, Appellant contends that the federal district court erred in determining that there was insufficient evidence that the Authority illegally evicted Appellant and that his eviction was not in violation of his constitutional rights.

The Authority responds that Appellant cannot appeal the dismissal of his federal case against the Authority in this Court, and, even if we construed Appellant's appeal as being from common pleas' Order, he would not succeed. The Authority contends that Appellant does not satisfy the requirements for reinstatement, because Appellant did not show that a petition for reinstatement was timely filed, there was a reasonable explanation for the docket inactivity, and facts exist that support a meritorious cause of action.  (Authority's Brief at 5 (citing *Matusow v. Zieger*, 702 A.2d 1126, 1129 (Pa. Cmwlth. 1997)).)  Because Appellant has shown a lack of due diligence in proceeding on the action, there was no compelling reason for the delay, and the Authority would suffer prejudice if it had to relitigate the grounds of Appellant's eviction years after the fact, the Authority asks us to affirm common pleas.  The Authority also argues that the matter is moot, because Appellant has not been a resident for almost three years.

Initially, we note that where "a party elects to file a brief, but does not effectively set forth argument on an issue," then "waiver will occur." *Browne v. Commonwealth*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004).  Further, this Court will also find waiver where a party argues on appeal any issues not raised before the trial court in the party's Rule 1925(b) statement. *Kull v. Guisse*, 81 A.3d 148, 160

---

[6] Appellant also appears to assert error by the federal district magistrate, whose opinion the district court adopted.

6

(Pa. Cmwlth. 2013). Here, although Appellant's case before us is from an appealable common pleas' order, he argues in his brief on appeal only the merits of his appeal of the federal district court order. The decision by the federal district court is not within our appellate jurisdiction. Our appellate jurisdiction includes "appeals from final orders of the courts of common pleas in . . . [a]ll actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipal authority may be formed or incorporated . . . ." Section 762(a)(4)(i) of the Judicial Code, 42 Pa. C.S. § 762(a)(4)(i). Because the federal district court's decision was issued in the federal court, it is not a decision of a state court of common pleas that falls under our jurisdiction. In order for Appellant to seek appellate review of the federal district court case, he would have needed to appeal the February 23, 2018 decision to the United States Court of Appeals for the Third Circuit (Third Circuit).

We also recognize that most of Appellant's arguments in his brief are not the same as those he raised in his Statement before common pleas and are, therefore, waived on those grounds, as well. *Kull*, 81 A.3d at 160. Appellant argues in his brief that the federal district court erred in dismissing his federal court case and asserts that he is entitled to summary judgment on his due process claims in federal court. However, in his Statement, Appellant argues, *inter alia*, that common pleas denied him the right to a fair trial, and deprivation of proper notice of the eviction, ineffective assistance of counsel, and a lack of subject matter jurisdiction. To the extent that there is any overlap between Appellant's Statement and his brief with regard to assertions of a denial of due process in the eviction proceedings, his brief focuses exclusively on the federal district court's decision, over which we have no

7

appellate jurisdiction. Moreover, Appellant's challenges to the procedures leading to his eviction are not properly before us in our review of common pleas' Order because common pleas' dismissal of the matter was not a determination on the merits. Because we cannot review the federal district court's decision and because Appellant's brief focuses exclusively upon the merits of that decision, contrary to his Statement, he has waived on appeal any issues relating to the appealable common pleas' Order before us.[7]

---

[7] Were the issues properly before us, we would affirm common pleas because there were no pending claims for relief before it when it issued the Order. Pursuant to Rule 230.2(a) of the Pennsylvania Rules of Civil Procedure, "[a]t least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more, and shall report such information to the Court Administrator of Pennsylvania . . . ." Pa.R.C.P. No. 230.2(a). If a court ultimately terminates an action under Rule 230.2, a party may petition for reinstatement. Pa.R.C.P. No. 230.2(d)(1). Although the Authority contends Appellant has not met the standard for reinstatement, common pleas did not dismiss the action for inactivity pursuant to Rule 230.2. Common pleas issued the parties the Termination Notice pursuant to Pa.R.C.P. No. 230.2, to which Appellant filed a statement of intention to proceed. At the status conference, common pleas dismissed the action at the Authority's request, explaining in its Order that dismissal was proper because there were no more issues before it. We agree.

The action before common pleas was initiated by Appellant's appeal of the MDJ's 2015 judgment for Appellant's nonpayment of rent. Upon Appellant's failure to continue paying rent into the escrow fund, the Authority filed a Complaint in ejectment to which Appellant never filed any responsive pleading. Appellant was then evicted from the Authority's housing and had been evicted for over two years at the time the Authority filed its Administrative Application for a Status Conference. Therefore, when common pleas held the status conference, the only basis for the action before common pleas – Appellant's dispute with the Authority regarding his continued tenancy in the leased premises – was no longer in existence. Accordingly, there were no claims before common pleas upon which it could grant relief and it did not err or abuse its discretion in dismissing the matter.

8

Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

Judges Brobson and Fizzano Cannon did not participate in the consideration of this decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chalmers A. Simpson, Jr.,                  :
                           Appellant       :
                                           :
            v.                             :     No. 413 C.D. 2019
                                           :
Dauphin County Housing Authority           :


# O R D E R


NOW, February 11, 2020, the February 27, 2019 Order of the Court of Common Pleas of Dauphin County is **AFFIRMED**.


_____
**RENÉE COHN JUBELIRER,** Judge